LUTHER E. HALL, Judge pro tem.
Plaintiffs entered into a building contract for improvements to their home with New Orleans Construction Company, as contractor, the Fidélity and Casualty Company of New York as surety, and defendant Citizens Homestead Association as lending agency.
Long before the filing of this suit, plaintiffs sued the contractor and surety, alleging the contractor had defaulted and the contractor sued the plaintiffs for the contract price. Thereafter all disputes between plaintiffs, the contractor and the surety were finally settled by a written compromise agreement in which plaintiffs, in consideration of payments made to them and the cancellation of certain liens by the surety from any liability arising out of the construction contract.
Citizens Homestead Association was not a party to the aforesaid litigation, nor to the compromise agreement.
On February 17, 1961, a full year lacking 12 days, after the compromise agreement, the plaintiffs filed the present suit against defendant for damages sustained “as a direct result of defendant’s failure to exercise adequate and proper supervision over the construction activities, as per its obligation under said contract”, and improperly made two progress payments to the contractor before the work had been done or *661 had been approved. One item of damage claimed is $7,500.00, excess cost to complete the work.
Defendant answered and filed a third-party action against the contractor and the surety, alleging generally that the nonperformance and any resultant damages were due solely to the contractor’s breach, and praying that, if judgment be rendered it on the main demand, a similar judgment be rendered on the third-party demand in its favor and against the contractor and the surety.
To this third-party action the contractor and the surety filed exceptions of res judicata and no right or cause of action. These exceptions were sustained and the third-party action dismissed. Defendant prosecutes this appeal from that judgment dismissing the third-party action and that judgment alone is before this Court for review.
The damages claimed by plaintiffs against Citizens were not caused by Citizens’ failure to supervise, or its premature progress payments. Had the contractor properly performed its contract plaintiff would have suffered no damage, particularly the $7,500.00 excess cost of completion.
Had there been no previous litigation and compromise between the owners, the contractor and surety, and defendant obligated to pay $7,500.00 as excess over contract price, defendant would have become legally subrogated to the plaintiffs’ right against the contractor and its surety. The contractor would have been directly and primarily liable to the owner to repair the damage he caused.
Be that as it may insofar as the compromise and settlement between the other parties may be binding on them, Citizens was no party to the compromise and is not bound thereby.
“A transaction made by one of the interested parties is not binding for the others, and can not be opposed by them.” LSA-C.C. Art. 3077.
Whether the plaintiffs compromised their rights against Citizens by compromising with the contractor and surety, precluding any recovery against defendant is not before us on this appeal. As long as this suit is pending against Citizens, (a motion for summary judgment dismissing it has been denied by the District Judge) and Citizens are faced with the possibility of being made to respond for damage directly caused by the contractor, Citizens must retain their right of subrogation and their third-party action filed herein. The trial court erred in maintaining the exception of no cause or right of action and the plea of res judicata filed by third-party defendant.
For the foregoing reasons the judgment appealed from is reversed, the exceptions are overruled and the case remanded to the District Court to be proceeded with according to law, costs to await final determination of the matter.
Reversed and remanded.