KLIEBERT, Judge.
This is an appeal by Continental Casualty Company from the trial judge’s dismissal of its third party petition against Appalachian Insurance Company. The case was dismissed on an exception of no cause of action filed by Appalachian. We affirm.
Lennora Price, the widow of Elmo Price, brought a tort action for damages arising out of the death of her husband in an accident while he was at work in a pumping station in the City of Kenner. Made defendants in this suit were the City of Ken-ner, its Sewerage District No. 1 and various supervisory employees of the City of Ken-ner or of Sewerage District No. 1 of the City of Kenner, including Joseph Donald Waguespack, a foreman for the sewerage district. Continental was alleged to be the insurer of all of the defendants and made a party defendant. Continental answered the suit on behalf of itself; the City of Kenner; Joseph Yenni, its Mayor; and Larry Hooper, the councilman for the sewerage district. Joseph Donald Waguespack, along with the other co-defendants, including the members of and employees of the sewerage district, filed an answer through their attorney, Mr. Bodet.
Several years later, in August, 1980, Joseph Donald Waguespack filed a third party demand against Continental contending that he was an insured under the policy issued by Continental to the City of Kenner, Sewerage and Water Board District No. 1, and hence was owed a defense and, if need be, indemnity against Mrs. Price’s claim. Continental answered the third party petition denying it was the insurer of Wagues-pack. In addition, it filed a third party petition against Appalachian alleging Appalachian as the insurer of Waguespack had originally hired an attorney to defend him and should be made to now publically defend him and, if need be, indemnify him. The third party petition also asked that Continental be relieved of any obligation to defend Waguespack. It is the trial judge’s dismissal of Continental’s third party peti *843 tion against Appalachian on an exception of no cause of action which is the subject of this appeal.
Counsel for Continental argues that its third party petition is in the nature of a request for a declaratory judgment. Poynter v. Fidelity & Casualty Company of New York, 140 So.2d 42 (3rd Cir. 1962) and hence should have been maintained. Appalachian’s counsel argues that under CCP Article 1111 and Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 728 (La.1973); Fasullo v. American Druggists’ Insurance Co., 262 So.2d 810 (4th Cir. 1972), and Fremin v. Collins, 194 So.2d 470 (4th Cir. 1967), the third party petition was properly dismissed because the petition does not allege that Appalachian is a warrantor of Continental or that it may be liable to Continental, a prerequisite to maintaining the third party petition.
The issue is not whether Continental can bring an action for a declaratory judgment against Appalachian, but rather, whether Continental can maintain a third party action against Appalachian in this proceeding. La. CCP Article 1111 and the jurisprudence above cited is dispositive of the issue presented. Under CCP Article 1111 in order to maintain the third party demand, Continental is required to allege that Appalachian is its warrantor or is liable to it. Since Continental’s petition does not meet the requirement, the trial judge properly dismissed the third party petition. Accordingly, his judgment is affirmed. All costs to be borne by appellant.
AFFIRMED.