422 So.2d 566 (1982)
August Jean LANDRY, Plaintiff,
v.
PURITAN INSURANCE COMPANY, Defendant-Third Party Plaintiff-Appellant,
v.
Alfred T. LUNEAU, d/b/a Luneau's Mobile Homes Sales and Redman Homes, Inc., Third Party Defendants (Redman Homes, Inc., Appellee).
No. 82-181.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Brame, Berstedt & Brame, Joe A. Brame, Lake Charles, for plaintiff-appellant.
Plauche, Smith, Nieset, Michael J. McNulty, III, Lake Charles, for defendant-appellee.
Raleigh Newman, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
August Jean Landry instituted suit against Puritan Insurance Company on June 16, 1981, seeking to recover damages *567 for the breach of a homeowner's insurance policy issued by Puritan in favor of Landry, covering damages to the plaintiff's mobile home due to "windstorm". The plaintiff sought $17,576.00 for damages to his home, plus $7,500.00 in statutory penalties and attorney's fees for the defendant's arbitrary refusal to pay the benefits due under the policy.
Puritan Insurance Company subsequently filed a third party demand against Redman Homes, Inc., the manufacturer of the plaintiff's mobile home, and Alfred T. Luneau, d/b/a Luneau's Mobile Home Sales, the seller of the home. While Puritan denied any liability to Landry under the insurance policy, it alleged alternatively that it had a cause of action against Luneau and Redman for all damages it might be called upon to pay, due to their negligent manufacturing and setting up of plaintiff's mobile home. Puritan also asserted that in the event it was required to make any payments pursuant to its insurance policy with Landry, that it had a claim under that policy to be subrogated to all rights which Landry had against Redman Homes.
Redman thereafter filed peremptory exceptions of no right of action and no cause of action against Puritan, arguing that since Landry's suit was one seeking recovery for damages attributable to "windstorm", that Redman as manufacturer of the mobile home could not be held responsible. Furthermore Redman alleged that it could not be held liable for any penalties or attorney's fees that Puritan might be forced to pay, since Puritan alone was responsible for arbitrarily and capriciously failing to pay benefits pursuant to the terms of its policy.
The trial judge maintained Redman's exceptions of no right of action and no cause of action on January 11, 1982, dismissing Puritan's third party demand against Redman with prejudice. From this adverse judgment, Puritan has devolutively appealed to this Court.
There are basically two questions for us to consider in this appeal: (A) Was the trial court correct in maintaining Redman's peremptory exception of no right of action? (B) Did the trial judge err in sustaining Redman's exception of no cause of action? We will treat the two issues separately.

EXCEPTION OF NO RIGHT OF ACTION
The source of the peremptory exception of no right of action is Article 927 of the Code of Civil Procedure. This exception is based on the principle of law stated in La.C.C.P. Article 681:
"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
In the recent case of Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3rd Cir.1981), this Court reiterated the long standing principle that the peremptory exception of no right of action "... raises the question of whether a remedy afforded by the law can be invoked by these plaintiffs ..." Furthermore, in Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977), the Court stated:
"The objection of no right of action is used to raise the question of the plaintiff's interest in the subject matter of the litigation. Stated another way, the objection of no right of action raises the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff."
Based on these principles, it is our opinion that the trial judge erred in maintaining Redman's exception of no right of action. The subject matter of this litigation concerns whether or not Puritan Insurance Company must pay for damages to Landry's mobile home, and whether or not they can transfer any of their potential liability to the third party defendants. Puritan obviously has an interest in its third party demand and is thereby the proper party to bring the third party action against Redman. Therefore, we find that the exception of no right of action was improperly sustained by the trial court.

*568 EXCEPTION OF NO CAUSE OF ACTION
La.C.C.P. Article 927(4) provides for the peremptory exception of no cause of action. This exception is "... utilized to raise the question of whether the plaintiff's petition alleges a particular grievance for which the law affords a remedy to anyone ..." Bamber Contractors, Inc. v. Henderson Brothers, Inc., supra.
La.C.C.P. Article 931 states with regard to this exception:
"No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."
Furthermore, for purposes of the exception of no cause of action, all allegations of fact stated by the plaintiff in his petition must be accepted as true. Elliott v. Aetna Casualty and Surety Company, 387 So.2d 1383 (La.App. 3rd Cir.1980), writ denied 393 So.2d 747 (La.1980); Bamber Contractors, Inc. v. Henderson Brothers, Inc., supra.
There are actually two distinct claims of Puritan Insurance Company in its third party petition, even though they are not specifically delineated therein:
(A) The claim of indemnity for those amounts attributable to actual damages to Landry's mobile home for which the trial court might have held Puritan responsible.
(B) The claim of indemnity for amounts attributable to statutory penalties and attorney's fees for which Puritan may have been held liable pursuant to La.R.S. 22:658. Although Puritan actually united both of these claims in its prayer by seeking "... complete indemnity of any amount for which Third Party Plaintiff may be cast...," we feel that each of them must be separately evaluated to determine whether or not the exception of no cause of action was properly maintained by the trial judge.
Puritan bases the first claim of indemnity on the allegation that the damages to Landry's mobile home were proximately caused by the negligence of Redman in defectively manufacturing the structure. Redman specifically responded to Puritan's claim by arguing that the insurance company could not base a cause of action on such grounds. It asserted that the provisions of the insurance policy issued by Puritan to Landry providing coverage for loss due to windstorm specifically excluded the company from any liability for damages attributable to manufacturing defects. Redman claims that it is not responsible for "windstorm" damages, and therefore, that Puritan cannot pass any liability onto the third party defendant.
Page 2 of the policy, under the Section headed "Perils Insured Against" specifically includes "windstorm" in Section 1(A)(5). Furthermore, in Section B of Part 5 of the policy, the exclusions applicable to physical damage to insured property are listed, the third of which states: "... for damage which is due and confined to defective manufacture, freezing, wear and tear, or mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy."
In the case of McManus v. Travelers Insurance Company, 360 So.2d 207 (La.App. 3rd Cir.1978), this Court stated:
"However, the well-established law of Louisiana is that a loss from fire or windstorm means essentially the same as `proximate cause' applied in negligence cases."
If the trial court were to find that "windstorm" was the proximate cause of the damage to Landry's home, then by application of the rule stated supra, it could hold Puritan liable in full for the amounts claimed in plaintiff's petition, regardless of whether or not any manufacturing defects in the mobile home contributed to the loss. Furthermore, by the specific language of the exclusion previously quoted, it is only applicable where damage "... is due and confined to manufacturing defects ..." By literally construing this phrase, it is apparent to us that the exclusion takes effect only where the loss can be exclusively attributed to such defects. If windstorms are deemed to have played any part in causing the damage, the exclusion would be inapplicable.
*569 Under these circumstances, we do not feel that Redman should be able to avoid liability on the basis of an exception of no cause of action. The third party claim of Puritan seeking indemnity for losses attributable to manufacturing defects was properly brought forth and should be referred to trial on the merits.
Plaintiff in his petition sought to hold Puritan liable for $7,500.00 in statutory penalties and attorney fees, pursuant to La.R.S. 22:658, which states in pertinent part:
"... Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, ..."
Puritan, by seeking complete indemnity of any amounts for which it might be cast, clearly intended to pass such costs to the third party defendants.
Counsel for Redman forcefully argues in his brief that his client cannot be held liable for the $7,500.00 in statutory penalties and attorney fees. He claims that such amounts are attributable solely to the conduct of Puritan, and that Redman is not responsible for them.
We find merit in Redman's argument. It is obvious that Redman had no control over Puritan's decision making processes and could not influence their refusal to pay Landry's insurance claim. If Puritan is ultimately found to have acted arbitrarily, capriciously, and without probable cause in failing to honor the plaintiff's claim, the penalties and attorney's fees assessable under such circumstances can only be charged to Puritan itself, and cannot be passed on to Redman.
For the above and foregoing reasons, it is Ordered, Adjudged, and Decreed that the judgment of the trial court maintaining with prejudice the peremptory exception of no right of action filed by Redman Homes, Inc. be, and the same is hereby reversed. Furthermore, it is decreed that the judgment of the trial court maintaining with prejudice the exception of no cause of action filed by Redman Homes, Inc. be hereby reversed only to the extent of those amounts attributable to specific damages which were sustained by the plaintiff's mobile home, and not to those amounts which might be assessable in statutory penalties and attorney fees to the defendant, Puritan Insurance Company.
It is further Ordered, Adjudged, and Decreed that this case be remanded back to the trial court for proceedings not inconsistent with this opinion.
All costs on appeal are to be divided equally between Puritan Insurance Company and Redman Homes, Inc. All costs at trial are to be assessed by the trial judge pursuant to proceedings on remand of this case.
REVERSED IN PART, AND REMANDED.