DOUCET, Judge.
High winds caused a carport to collapse whereupon the insurer-plaintiff paid $10,-138.27 pursuant to a homeowners policy, and secured a subrogation to all rights that the insured may have had against any third persons for the loss. Plaintiff brought suit against the builder of the carport alleging faulty workmanship caused the loss whereupon defendant excepted to plaintiff’s right to bring the action on the basis that loss caused by faulty workmanship was not covered under the policy.
The trial court reasoned that legal subro-gation had not taken place because plaintiff was under no obligation to pay its insured’s claim. Furthermore, the trial court concluded that conventional subrogation did not take place because no “advantage would accrue to defendant.”
Defendant’s exception of no right of action was maintained and plaintiff’s suit was ordered dismissed, without prejudice.
Plaintiff appeals.
*419 The issues presented on appeal are:
1. Whether or not a conventional subro-gation, executed pursuant to Civil Code Article 2160, must, to be effective, be on behalf of or to the advantage of the debtor.
2. Whether or not an insurer is legally subrogated to the rights of its insured upon payment of a claim, arguably not covered under the policy.
3. Whether or not the defendant has standing to raise the plaintiff’s alleged lack of a right of action.
Whether the loss was in fact occasioned by defendant’s workmanship is, of course, irrelevant to our resolution of the above issues.
In Budd Construction Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3rd Cir.1981), we set forth the requirements that one must meet to prevail on an exception of no right of action, noting that Article 681 of the Code of Civil Procedure provides that an action can only be brought by one with a “real and actual interest.” The party asserting the exception has but two objections which can be made: lack of interest or lack of capacity. Want of interest raised by exception of no right of action relates primarily to whether appellant falls as a matter of law within the general class in whose favor law grants a cause of action sought to be asserted. Bielkiewicz v. Rudisell, 201 So.2d 136 (La.App. 3rd Cir.1967). For reasons which follow, we find neither objection has been proven by the defendant.
The trial court did not uphold the conventional subrogation due to apparent conflicts with Civil Code Articles 2134 and 2137. However, those articles do not apply to conventional subrogations, rather, they apply to legal subrogations.
Conventional subrogation is provided for in Civil Code Article 2160 which states as follows:
“When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges and mortgages against the debtor; this sub-rogation must expressed and made at the same time as the payment....”
The creditor’s right to receive payment and subrogate his payor to claims against the debtor is broad. In Cox v. W.M. Heroman & Co., 298 So.2d 848 (La.1974) the Supreme Court stated:
“A creditor ... has the right to receive payment on a debt owed him and, by contract, to subrogate his payor ... to his claim. The debtor ... cannot, by prohibiting the payor ... to make such payment, thus limit the creditor’s legal right to make such a contract in order for the latter to receive payment. Subro-gation is thus permitted in interest of the creditor rather than of the debtor.”
In Standard Motor Co. v. State Farm Mutual Automobile Ins. Co., 97 So.2d 435 (La.App. 1st Cir.1957), the Court, through Judge Tate, addressed the issue of the plaintiff’s right of action based on subrogation where the plaintiff deemed a voluntary payor who had no legal liability to the creditor for a loss caused by the debtor tortfeasor. In that case, there had been no conventional subrogation, but rather the plaintiff was relying on legal subrogation. The defendant therein argued that, in the absence of a conventional subrogation the plaintiff had no right of action. The court in Standard Motor Co. nonetheless found that the plaintiff had a right of action to recover the payment it had made from the person legally liable for the debt. The court referred, inter alia, to the theory of negotiorum gestio to allow the plaintiff’s complaint against the defendant tortfeasor.
Appellee relies on Singleton v. Kindler, 399 So.2d 1313 (La.App. 4th Cir.1981), however, the case is distinguishable, as the plaintiff no-fault insurer received no conventional subrogation, only a general release.
In Landry v. Puritan Ins. Co., 422 So.2d 566 (La.App. 3rd Cir.1982), a manufacturer of mobile homes excepted to an insurance company’s third party demand for damages to one of the mobile homes built by the manufacturer claiming that such defects were not covered under the policy. This *420 court found that the policy excluded losses caused solely by such defects and referred to the merits the question of the extent to which the defects caused the loss, allowing the insurer’s demand against the manufacturer.
The Landry case presents essentially the same factual and legal issues. Simply stated, the parties in the present case do not know what caused the collapse and they are asking the Court to decide.
The plaintiff, having paid $10,138.27, had an interest in recovering that sum from the party responsible for the loss. The conventional subrogation, included in the subrogation receipt, clearly shows that the plaintiff had been subrogated to all the rights against the defendant that were available to the insured.
Accordingly, the judgment which maintained defendant’s exception of no right of action and dismissed plaintiff’s suit, without prejudice, is reversed, and the case is remanded to the trial court for further proceedings. Defendant is cast with all costs of this appeal.
REVERSED AND REMANDED.