487 So.2d 160 (1986)
STATE of Louisiana
v.
RELIANCE INSURANCE COMPANY.
Nos. CA-4530, CA-4576.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearing Denied May 15, 1986.
*161 Victor E. Stilwell, Jr., Howard J. Ettinger, Deutsch, Kerrigan & Stiles, New Orleans, for Curtis & Davis Architects and Planners, Inc., Richard B. Silverstein & Associates Nolan, Norman & Nolan, and Sverdrup and Parcel & Associates, Inc., A Joint Venture, and Continental Cas. Co., appellees.
James Ryan, III, Henry E. Yoes, III, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for Iowa Decks, Inc., third party defendant-appellee.
A.R. Christovich, Jr., Christovich & Kearney, New Orleans, for Eagle-Picher Industries, Inc., appellee-appellant.
Edward J. Rice, Jr., Richard B. Eason, II, Adams & Reese, New Orleans, for Bristol Steel Corp., appellee.
Peter A. Feringa, Jr., Christoffer Friend, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for American Bridge, A Div. of U.S. Steel Corp., third party defendantappellant-appellee.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Robert E. Redmann, Kenneth C. Fonte, Asst. Attys. Gen., New Orleans, for Huber, Hunt & Nichols, Inc./Blount Bros. Corp., A Joint Venture, appellees.
Joseph E. Berrigan, Jr., Allen H. Danielson, Jr., John Litchfield, Berrigan, Danielson, Litchfield, Olsen & Schonekas, New Orleans, for Reliance Ins. Co., defendantappellant.
Frank J. Peragine, Eric John Witmeyer, Simon, Peragine, Smith & Redfearn, New Orleans, for Upjohn Co., third party defendant-appellee.
Hershel L. Haag, III, Lawrence K. Benson, Jr., M. Taylor Darden, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for Western Waterproofing Co., appellee-appellant.
Before GARRISON, BYRNES and WARD, JJ.
WARD, Judge.
The State of Louisiana sued Reliance Insurance Company to recover for damage allegedly sustained by the roof of the Louisiana Superdome during a hailstorm which occurred on April 18, 1980. The State contends the damage is covered by a multi-peril policy of insurance issued by Reliance and naming as insured the Louisiana Stadium and Exposition District, owner of the Superdome, and the State, its lessee. Reliance answered, denying liability on the policy, and filed a series of third party demands against several Superdome architects, engineers, materials suppliers and construction contractors and their insurers, alleging that the damage to the roof would not have occurred but for their negligence or other fault. The third party demands sought indemnity or contribution as well as legal and conventional subrogation to the rights of the State in the event Reliance was held liable under its insurance contract. In opposition to Reliance's claims the third party defendants filed numerous exceptions including no cause of action, no right of action, res judicata, personal jurisdiction, and vagueness. Some of the defendants filed motions for summary judgment. After hearings and arguments the Trial Judge maintained exceptions of no cause of action in favor of third party defendants: Curtis and Davis Architects and Planners, Inc., Edward B. Silverstein & Associates, Nolan, Norman & Nolan, Sverdrup and Parcel & Associates, Inc., A Joint Venture, and Continental Casualty Company; Huber, Hunt & Nichols, Inc./Blount Brothers, Corp., A Joint Venture; United States Fidelity and Guaranty Company; Western Waterproofing Company; Eagle-Picher Industries, Inc.; Upjohn Company; American Bridge, a Division of United States Steel Corporation; Bristol Steel Corporation; and Iowa Decks, Inc. Reliance now appeals the dismissal of its third party demands.
Additionally, the Trial Judge dismissed without prejudice the various exceptions of res judicata and no right of action and denied the motions for summary judgment also without prejudice. In answer to Reliance's appeal, Huber, Hunt & Nichols, Inc./Blount Brothers, Corp., Western Waterproofing, *162 Eagle-Picher, Upjohn, and American Bridge have reasserted or appealed the denial of their exceptions of res judicata and/or no right of action.
In his written reasons for dismissing Reliance's third party demands, the Trial Judge cited cases which permit recovery under windstorm policies even if the insured building is improperly constructed. He then concluded that Reliance undertook to insure against the risk of any construction defects and hence had no cause of action for indemnity or contribution from the third party defendants. As for Reliance's subrogation claims, the Trial Judge found no right to legal subrogation, but declined to determine the issue of conventional subrogation because he stated that Reliance's policy was not before the court.

CONTRIBUTION/INDEMNITY
In appealing the dismissal of its claims for contribution or indemnity Reliance asserts that accepting the allegations of its third party demand as true, it states a cause of action under Louisiana third party procedure and substantive law. Reliance cites Landry v. Puritan Insurance Co., 422 So.2d 566 (La.App.3rd Cir.1982), which allowed an insurer a third party cause of action for indemnity against a mobile home manufacturer for losses due to windstorm damage which the insurer attributed to defective manufacture of the home. Reliance further contends, citing Gurtler, Hebert and Co. v. Weyland Machine Shop, Inc., 405 So.2d 660 (La.App. 4th Cir.1981), writ denied 410 So.2d 1130 (La.1982), that it may assert a third party demand in tort despite its lack of privity of contract with the third party defendants.
We agree with the Trial Judge that Reliance has no cause of action against the parties who designed, constructed and supplied materials for the Superdome roof. To state a cause of action against a third party under La.C.C.P. Art. 1111, the defendant in a principal action must allege facts showing that the third party is his warrantor or is liable to him for all or part of the principal demand. The third party must be derivatively or secondarily liable on the principal demand, but the defendant in the principal action may not bring in a third party merely on allegations that it is liable to the original plaintiff directly. Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 728 (La.1973).
Here, the State's principal demand seeks only to recover from Reliance for damage caused by a hailstorm. Reliance therefore cannot be liable to the State for faulty or defective construction. Hence, the third party defendants cannot be derivatively or secondarily liable to Reliance for any part of the principal demand, and the law will not permit Reliance to bring in the third party defendants by alleging that they are liable to the State directly.
A third party demand is a device for shifting or sharing liability and may not be used as a means of asserting a defense to avoid liability completely. If Reliance proves that the roof damage was caused by some act or omission by one of the third party defendants, that proof would constitute a defense to the State's claim against Reliance, obviating the need for Reliance's claim for indemnity or contribution. On the other hand, if the State proves that hail caused the damage, there could be no claim against the third party defendants because obviously they did not cause the hail. In either event, Reliance has stated no cause of action against the parties it sued as third party defendants.
We are not persuaded by the authorities Reliance cites. In Landry v. Puritan Insurance Co., 422 So.2d 566 (La.App. 3rd Cir.1982), the windstorm policy excluded losses due to manufacturing defects. Despite the exclusion, the Third Circuit rather cryptically held that the insurer could seek indemnity from the manufacturer for damages caused by faulty manufacturing rather than by winddamages for which the policy excluded liability. We disagree with the Landry rationale and believe the better result is to treat causation by manufacturing defects as a defense available to the insurer. Reliance also cites Gurtler, Hebert & Co. v. Weyland Machine Shop, 405 *163 So.2d 660 (La.App. 4th Cir.1981), and similar cases which uphold third party demands by defendants against parties allegedly responsible for the damages which were the basis of the principal demand. These cases represent the proper liabilityshifting use of third party practice and are not pertinent to Reliance's attempt to completely avoid liability for the hail damage.

SUBROGATION
Reliance seeks to assert a cause of action against the third party defendants on theories of legal and conventional subrogation to the rights of the State. Reliance contends, and cites authority which holds, that legal subrogation takes place of right and that there are "compelling policy reasons" to allow an insurer subrogation. La.C.C. Art. 2161 (repealed by Acts 1984, No. 331); Sentry Indemnity Co. v. Rester, 430 So.2d 1159 (La.App. 1st Cir.1983); Johnson, Work of Appellate Courts 1977-1978, Obligations, Legal Subrogation of Insurer to Insured's Rights Upon Payment of Claim, 39 La.Law Rev. 675 (1979). We agree with Reliance and with the Trial Judge who also cited these authorities, but we find that Reliance's claim lacks a necessary element. Reliance has not paid the State, its potential subrogor. In fact, Reliance's refusal to pay is the sole basis for this litigation. Subrogation, whether by contract or as a matter of law, can only take place upon payment. La.C.C. Art. 1828, 1829; Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981); Cox v. W.M. Heroman & Co., 298 So.2d 848 (La.1974). Reliance cites as contrary to this rule, our opinion in Piton v. Citizens Homestead Association, 144 So.2d 660 (La.App. 4th Cir.1962), cert. denied, in which Citizens Homestead, a defendantthird party plaintiff, was allowed to retain its right of subrogation as long as the principal demand was pending and Citizens was "faced with the possibility of being made to respond for damage directly caused by the [third party defendant]." We distinguish Piton because the damages in the principal demand and those in the third party demand were essentially the same in that case. Reliance, however, is not faced with the possibility of being made to respond for damage directly caused by the third party defendants because, as was pointed out above, Reliance is not liable for construction defects. Hence, Piton does not require that Reliance retain a right of subrogation pending payment.
Reliance contends that the Trial Judge erred in finding that its policy of insurance was not before the Court, and for that reason, not determining the issue of conventional subrogation. Although it appears that the policy was attached to and incorporated in the third party petition, we believe the Trial Court could have granted the exception of no cause of action on the claim for conventional subrogation even without reviewing the policy. Because payment of the debt is a necessary prerequisite to subrogation by contract as well as by law, Reliance's inability to allege payment to its insured is a defect fatal to any claim for conventional subrogation.
Reliance asks, should we affirm the Trial Court's dismissal of its third party demand for failure to state a cause of action, that we grant leave to amend its third party petition as provided by La.C.C.P. Art. 934.
We deny this request because a remand and grant of leave to amend the third party petition would be futile. Article 934 requires a right to amend only where the grounds for the exception can be removed by amendment, otherwise the action is to be dismissed. In this case, there is no possibility that Reliance can amend its petition to state a cause of action because any amendment would be precluded by application of C.C.P. Art. 1111. Therefore, the Trial Court was correct in not giving Reliance an opportunity to amend. Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir. 1982).
In addition to Reliance's appeal on the exception of no cause of action, we also have before us the appeals of the third party defendants who seek reversal of the Trial Court's denial of their other exceptions *164 and their motions for summary judgment.
Because we hold that Reliance has no cause of action against the parties sued as third party defendants, we find it unnecessary to consider the appeals of those parties. The Trial Judge properly denied, without prejudice, summary judgment and the exceptions of res judicata and no right of action. We likewise deny, without prejudice, the exceptions filed in this Court.
For the foregoing reasons, we affirm the judgment dismissing Reliance's third party petition for failure to state a cause of action and amend the judgment insofar as it did not rule on the claim for conventional subrogation, which claim we dismiss. We also affirm the portion of the judgment denying without prejudice summary judgment and the exceptions of res judicata and no right of action. All costs of appeal to be paid by Reliance Insurance Company.
AMENDED AND AFFIRMED.