FORET, Judge.
This is a suit on an open account filed by plaintiff, Rice Capital Sales, Inc.[1] against Luther Herpin, Carlton Herpin, and Luddy Herpin, d/b/a LL & C Herpin, defendants, for $12,644.17 for materials purchased and received. This appeal has been consolidated with Del-Rico, Inc. v. Herpin, 488 So.2d 320 (La.App. 3 Cir.1986), which is another suit on open account against the same defendants, involving the same issues, and in which a separate opinion is being rendered this date. Defendants filed a “Reconventional Demand and Third Party Demand” bringing in Southwest Louisiana Grain, Inc., Louisiana Rice Properties, Inc., and Mr. D.A. delaHoussaye. Plaintiff filed an exception of no right or cause of action, alleging that the original defendants improperly used the third party practice provisions under LSA-C.C.P. art. 1111. That exception was sustained by the trial court and defendants have appealed that ruling.
The sole issue is whether the trial court properly dismissed appellants’ “Third Party Demand and Reconventional Demand” upon appellee’s exception of ho right or cause of action. We conclude that the trial court was correct, and we affirm.
The principal demand seeks payment for the balance due on an open account brought by a chemical distributor against the purchasers of agricultural products and chemicals. It is based upon the failure of the purchasers to pay for the items ordered and received.
Defendants-purchasers filed a “Third Party Demand and Reconventional Demand” against D.A. delaHoussaye, d/b/a Del Rico, Inc.; Rice Capital Sales, Inc.; Southwest Louisiana Grain, Inc.; and Louisiana Rice Properties, Inc., alleging that Mr. delaHoussaye was the alter ego of all four corporations; and that defendants contracted with delaHoussaye essentially, through his corporations. Defendants-purchasers alleged that they contracted with Mr. delaHoussaye, d/b/a Southwest Louisiana Grain, Inc., for the sale of their soybean crops to Mr. Del, and that the balance due on the sale would be paid when the soybean market priced out. The balance owed to defendants is $28,599.40. They prayed for a setoff of sums owed.
The only allegations we are allowed to consider in testing whether a cause of action is stated are those allegations forming the basis for this demand, which are here quoted:
“II
Made third party defendant in these proceedings is D.A. DELAHOUSSAYE, d/b/a DEL RICO INC., RICE CAPITAL SALES, INC., SOUTHWEST LOUISIANA GRAIN, INC., and LOUISIANA RICE PROPERTIES, INC., the said D.A. DELAHOUSSAYE being a resident of Acadia Parish, Louisiana, and doing business in several Parishes in the State of Louisiana.
Ill
Third party plaintiffs aver that for many years they have done business with third party defendant, D.A. DELA-HOUSSAYE, commonly known and recognized to people in the Southwest Louisiana area as (Mr. Del).
[[Image here]]
V
Third party plaintiffs further aver that D.A. DELAHOUSSAYE or the corporate entities which he heads are all situated in the same building and locality for area farmers doing business with the said D.A. DELAHOUSSAYE in Kaplan, Louisiana.
*318 VI
Third party plaintiffs further aver that during the year 1981 they contracted to sell their soybean crops to the said D.A. DELAHOUSSAYE, third party defendant herein, under the conditions that a certain sum of the amounts due to third party plaintiffs would be paid to them initially, with the balance being paid at a later date when said soybeans had been in terms of the soybean market priced out or a demand made by third party plaintiffs for payment of the difference in price in the initial deposit paid by third party defendant and the actual market price at the time of pricing out.
VII
Third party plaintiffs aver that they were paid the sum of $4.25 per bushel for 13,302.05 bushels.
VIII
Third party plaintiffs further show that their beans were priced out at the latest by order of the Department of Agriculture for the State of Louisiana on March 31, 1982 at a price of $6.40 per bushel leaving a total of $2.15 per bushel owed to third party plaintiffs by the said D.A. DELAHOUSSAYE, d/b/a SOUTHWEST LOUISIANA GRAIN, INC.
IX
Third party plaintiffs show that on several occasions they made demand on D.A. DELAHOUSSAYE to pay them for the difference in price of $2.15 per bushel or for the sum of $28,599.40 which was owed to them and on each occasion the said D.A. DELAHOUSSAYE asked them to give him an opportunity to pay said difference; that he did not have the money at the time demand was made; that he would pay third party plaintiffs as soon as he could.
X
Third party plaintiffs advised the said D.A. DELAHOUSSAYE that they recognized certain obligations which they owed to him in connection with their agricultural crops and that the same financial obligations would be liquidated in full upon payment by the said D.A. DE-LAHOUSSAYE of the difference owed by him to third party plaintiffs for soybeans contracted to him.
XI
Third party plaintiffs further aver that at all times they dealt in good faith with the said D.A. DELAHOUSSAYE, the individual with whom they had always done business, both in procuring agricultural products from the said D.A. DELAHOUS-SAYE as a retailer of crop seeds, chemicals and agricultural supplies and as a purchaser of agricultural products produced by farmers.
XII
Third party plaintiffs aver that the said D.A. DELAHOUSSAYE is the U1-ter-Ego of the corporations known and designated as DEL RICO INC.,. RICE CAPITAL SALES INC., LOUISIANA RICE PROPERTIES INC. and SOUTHWEST LOUISIANA GRAIN, INC.
XIII
Third party plaintiffs further aver that at all times in which they did business with any of the corporations aforenamed, they were in essence dealing with the said D.A. DELAHOUSSAYE known and recognized in the Kaplan, Louisiana area as Mr. Del or D.A. DELAHOUSSAYE.
XIV
Third party plaintiffs further aver that the said third party defendant D.A. DE-LAHOUSSAYE, utilized said corporate structures in the form of corporations heretofore named, to capitalize on accounts owed to him and availed himself of corporations and corporate law to limit *319 his liability in connection with any outstanding sums which may have been owed to third party plaintiffs.
XV
Third party plaintiffs aver that at the trial on the merits in this matter, they will establish that the corporate veil should be pierced and the Ulter-Ego of the corporations is responsible for any and all transactions between third party plaintiffs and any of the dealings carried on by the said D.A. DELAHOUSSAYE in the guise of the corporations heretofore named.
XVI
Third party plaintiffs further aver that they are entitled to compensation by operation of law and to an offset of any claims by the original plaintiff in these proceedings and/or D.A. DELAHOUS-SAYE, third party plaintiff, all as is provided by Articles 2207-2209 of the Louisiana Civil Code.”
The reconventional demand is identical to the third party demand, and it would serve no useful purpose to duplicate it.
After considering the third party petition and reconventional demand filed by the original defendants in this case, we agree with the trial court’s decision to sustain the exception of no cause of action.
The procedure and requirements for the institution of a third party demand are found in C.C.P. art. 1111, et seq. That article provides:
“Art. 1111. Defendant may bring in third person
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.”
Defendants must allege facts indicating that the third party defendant is a warrantor, or is liable to the original defendants for all or part of the principal demand. Barbre v. Brown, 422 So.2d 717, 718 (La. App. 3 Cir.1982).
Defendants did not allege facts indicating that delaHoussaye is their warrantor or that delaHoussaye is liable to them for all or part of the principal demand. They aver a contractual relationship of sale with delaHoussaye, but no contractual obligation is alleged which might make him responsible for the sums owed by defendants to Rice Capital Sales, Inc., the original plaintiff. Furthermore, defendants’ demand does not “arise out of” nor is it “connected with the principal demand.”
In their “Third Party Demand and Re-conventional Demand”, defendants allege that the balance due on the sale of their soybeans is owed to them by Southwest Louisiana Grain, Inc. They contend that Rice Capital Sales, Inc. and delaHoussaye colluded with Southwest Louisiana Grain, Inc. to defraud them. The allegations forming the basis for the reconventional demand are almost identical to those of the third party demand. The pleadings also contain allegations that delaHoussaye is the alter ego of the four corporations[2] and that the corporate veils should be pierced.
The only allegations we are authorized to consider in testing whether a cause of action is stated are those forming the basis for this demand. The principal demand in this case is brought by Rice Capital Sales, Inc. Rice Capital made clear that it was *320 contracting with defendants for the sale of pesticides by invoicing in its name. These bills are attached to its petition. We find no fraud in the transactions of sale of pesticides to defendants.
The trial court was not persuaded to pierce the corporate veil through defendants’ allegations. The decision to pierce the corporate veil is based on the totality of the circumstances and necessarily involves a finding that a corporate shareholder, acting through the corporation, has defrauded or deceived a third party. Holley v. Palermo, 461 So.2d 589 (La.App. 3 Cir.1984); LSA-R.S. 12:95.
Because the pleadings fail to justify disregarding the corporate entity, defendants attempted to assert a third party action against delaHoussaye on grounds not authorized by C.C.P. art. 1111. Defendants’ demand fails to set forth a cause of action cognizable under the procedures of third party practice. Consequently, the exception is valid and the trial court’s judgment dismissing third party plaintiffs’ demands is affirmed, at appellants’ costs.
AFFIRMED.

. Rice Capital Sales, Inc. is a chemical distributor with its main office in Kaplan, Louisiana.

. The four corporations referred to are: Rice Capital Sales, Inc.; Del-Rico, Inc.; Southwest Louisiana Grain, Inc.; and Louisiana Rice Properties.