| iBARRY, Judge.
Wilson Industries, Inc. filed suit on an open account against Atlas Production Services, Inc. for $10,932.22 for merchandise and/or services rendered. Atlas filed a third party demand against twenty-one defendants, who are working interest owners of the mineral lease who allegedly breached the contract with Atlas for operation of oil and gas wells at Raphael Pass Field.[1]
According to Atlas’ petition, the third party defendants contracted to pay for operations at the wells and to pay Atlas as operator, and Wilson’s claim related to payment for goods and services Atlas incurred on behalf of the third party defendants who refused to pay. Atlas also sought: $140,-440.63 it was additionally owed under the operating agreement and for other expenses; specific performance as to Texaco’s written agreement to assign its ⅛ interest in State Lease no. 4977; Rand recognition of its recorded lien. Atlas sought $7,000 for a Coast Guard fine relating to oil spillage from a barge owned by the third party defendants.
Wilson assigned its claims against Atlas to its successor, Gulf South Operators, Inc., and the two filed a joint motion to substitute parties and counsel and to dismiss with prejudice. The motion declared that Gulf South did not desire to pursue any claims against Atlas and wished to dismiss the matter with prejudice. The October 5, 1995 order recognized the substitutions and provided: “[T]his matter is hereby dismissed with prejudice.”
*1223 On November 2,1995 Atlas filed a “Rule to Clarify Order of October 5,1995” and argued that the prior order could dismiss only the principal demand, not its third party demands. At a November 17, 1995 hearing Atlas introduced an August 10, 1995 receipt acknowledging its $4,000 payment to Wilson regarding the case. Gulf South introduced an act of transfer by which Wilson assigned its claims against Atlas to Gulf South for $4,000. In a November 27, 1995 judgment the trial court declared that the main demand was compromised for $8,000, $4,000 of which was paid by Atlas prior to Wilson’s assignment of its claim to Gulf South. The court stated that Atlas’ third party demand was “strictly limited to one in indemnity and that any other causes of action pleaded in the third party demand are improper.” The judgment also provided:
[T]his Court’s order dated October 5, 1995 is hereby amended by striking the dismissal of this matter in its entirety and with prejudice and by ordering that all causes of action by Atlas Production Services, Inc. under its third party demand are hereby dismissed, without prejudice, with the exception that Atlas Production Services, Inc.’s third party demand for indemnification shall remain unaffected, and before this court.
We note that the November 27 judgment which dismissed all third party claims except indemnification was without prejudice, the October 5 dismissal of | gthe matter with prejudice was granted pursuant to an ex parte motion, and the rule to clarify, if considered a motion for new trial, was untimely. However, Atlas’ appeal of both the October 5, 1995 and November 27, 1995 judgments clearly puts at issue the trial court’s decision to dismiss all third party claims except the one for indemnification.

LAW AND ANALYSIS

A demand against third parties is an incidental demand. La.C.C.P. art. 1031. La. C.C.P. art. 1039 provides: “If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.” The dismissal of the principal demand after Atlas had filed a third party demand did not affect Atlas’ claims against the working interest mineral lease owners.
A defendant in a principal action may third party any person who is or may be liable for all or part of the principal demand. Spells v. Housing Authority of New Orleans, 612 So.2d 920 (La.App. 4th Cir.1993), writs denied, 614 So.2d 1266 (La.1993). La.C.C.P. art. 1111 provides in pertinent part:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who may be liable to him for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant ... may reconvene against the plaintiff in the principal demand. ...”
In Travelers Insurance Company v. Sonnier, 344 So.2d 73 (La.App. 4th Cir.1977), this court refuted the argument that a defendant in a principal demand can never make a demand against a co-defendant or other party except for | indemnification. This Court overruled a prior case which allowed only an indemnification claim:
To follow the nothing-but-indemnification rule ... is to require, in every case, that a defendant who wishes to demand his own damages from one properly made a third-party-defendant (“including a codefend-ant”) must file a separate action against the third-party-defendant which he might then move to consolidate for trial under C.C.P. 1561.... Moreover, if a defendant can properly “bring in” (C.C.P. 1111) a third party, the question of what demands against that third party can be cumulated would appear to be governed by C.C.P. 462: actions may be cumulated if each is within the court’s jurisdiction and in the proper venue and all are mutually consistent and employ the same form of procedure ....
*1224 We conclude judicial efficiency is served by allowing a third party demand for judgment over [and above what is sought in the principal demand and] to further demand the third-party-plaintiffs own damages arising out of the circumstances....
Id. at 74-75.
Subsequent to Travelers a number of statutes have been amended to reflect the change in the doctrine of res judicata, which now requires that all causes of action arising out of the same occurrence be brought in the same action. See La.R.S. 13:4231; La.C.C.P. art. 425A and 1061. Later cases have cited Travelers with approval and have held that a third party plaintiff may demand relief over and above what is sought in the principal demand. See Mid-South Car and Truck Rental v. Moore, 516 So.2d 1224 (La.App. 2d Cir.1987); McFarland v. Sauvinet, 525 So.2d 686 (La.App. 1st Cir.1988). In McFarland the First Circuit concluded that judicial efficiency was served by allowing the third party plaintiffs to demand their own damages (penalties and attorney’s fees for the professional liability insurer’s arbitrary and capricious failure to indemnify and to defend them on the main demand) arising out of the circumstances in addition to the damages claimed in the principal action.
| sWilson’s main demand involved an amount owed for services and merchandise supplied to Atlas as the operator of the Raphael Pass Field wells pursuant to a contract with the working interest owners of the mineral lease. Atlas clearly had the right to implead the third party defendants who were or might be liable to Atlas for the principal demand. The same operating agreement relating to the Raphael Pass Field wells is at issue in Atlas’ other third party claims. According to Travelers, Atlas is allowed to claim its own damages arising out of the same circumstances from those properly made third party defendants.
We have considered the jurisprudence interpreting La.C.C.P. art. 1111, the statutory changes which mandate that all claims arising out of the same transaction or circumstances be brought in one action, and the concern for judicial economy. We conclude that judicial efficiency will be served if Atlas is allowed to bring all of its claims against the third party defendants connected to or arising out of its contractual operation of the Raphael Pass Field wells, which the main demand involved. The trial court erred by limiting Atlas’ third party demand to indemnification.
The November 27, 1995 judgment is null because the “rule to clarify” was not timely filed as a motion for new trial, the only procedural device available to substantively change the judgment of dismissal with prejudice and the substantive amendment was made after the time for a new trial had expired. See Caracci v. Williams, 95-1615 (La. 11/3/95, 661 So.2d 985; Davenport v. Amax Nickel, Inc., 569 So.2d 23 (La.App. 4th Cir.1990), writ denied, 572 So.2d 68 (La. 1991)). The October 5, 1995 dismissal is reversed insofar as it dismissed Atlas’ third party Isdemand. The matter is remanded for further proceedings.
NOVEMBER 27, 1995 JUDGMENT NULL; OCTOBER 5, 1995 JUDGMENT REVERSED IN PART; REMANDED.

. The third party defendants are: Air-Execs, Inc.; S.T. AIcus, III; Scott Chotin; Winston Ba-ber d/b/a Progress Petroleum; Ernest Norman, Jr.; J. Robert Norman; Fort Collins Consolidated Royalties; Jack McClanahan; Thomas J. Ferris; Kelly J. Ferris; April B. Kunz; Marian H. Rochelle; Patricia Ferris Mawley; Charles W. Wall; H.E. Brcit, Jr.; Benjamin Minerals, Inc.; J. William Rosenthal, M.D.; Patricia Jordan Claverie; Frank Walk; G.M. Haydel; Texaco, Inc.