JiDUFRESNE, Judge.
Lumbermen’s Underwriting Alliance (“Lumbermen’s”) appeals a judgment of the district court dismissing its third-party petition on an exception of no cause of action. We affirm.
Plaintiff in this ease is Willie Ray Harge, who alleged in his petition[1] for damages that the defendant, Mechanical Construction Company (“MCC”), caused him to undergo a pre-employment physical examination; it was further alleged that the examination indicated no health problems or diseases, and that plaintiff was physically able to work. However, plaintiff contended in suit that after several months of extremely taxing physical labor, he became ill and it was discovered that he had a pre-existing and previously undiagnosed heart disease. I^As a result of the failure to diagnose this disease, plaintiff alleged that his condition was aggravated and his condition deteriorated. In addition to MCC, Harge impleaded Lumbermen’s and other (unnamed) insurance companies, as well as the (unnamed) firm which performed the physical examination.
Lumbermen’s and MCC each filed answers, with Lumbermen’s urging that the matter had prescribed, as well as other defenses such as assumption of the risk, comparative negligence, and lack of coverage. Subsequently, Lumbermen’s filed a third-party demand against Reliance Insurance Company (“Reliance”), International Insurance Company(“International”), The Traveler’s Insurance Company (“Traveler’s”), and Westchester Insurance Company (Westches-ter). In that third-party petition, Lumbermen’s averred that Reliance, International, Traveler’s and Westchester had policies of insurance covering MCC for the claims made against MCC, and which policy coverage resulted a duty to defend MCC. Lumbermen’s urged that it had undertaken the defense of MCC at its own costs, and demanded reimbursement for attorney fees and costs incurred by its defense. Lumbermen’s further asserted that the primary responsibility for the claims of the plaintiff were with the third-party defendants based both upon the terms of their policies of insurance, as well as on the allegations of plaintiffs petition. Appellant claimed that if it was found at trial to have provided some coverage for the damages to plaintiff, then the insurance provided by third party defendants would be primary or would constitute co-insurance “such as to share the ^responsibility of the claim by way of contribution.” In the event that Lumbermen’s is cast in judgment, it prayed for a *1067 corresponding judgment over the third-party-defendants, and additionally for any sums expended in defense of the case.
All third-party defendants filed exceptions of no causé of action. On September 10, 1996, the court granted judgment in favor of Reliance and against Lumbermen’s, granting the exception and dismissing the third-party petition against it. On September 17, 1996, International and Westchester were similarly dismissed.[2] Both judgments have been appealed by Lumbermen’s. No reasons for judgment were given.
On appeal, Lumbermen’s asserts that the trial court erred in granting the exceptions of no cause of action in light of La.C.C.P. art. 1111 and Wilks v. Allstate Ins. Co., 195 So.2d 390 (La.App. 3 Cir.1967) infra, and further, that the court erred because the relief sought by the appellees cannot be granted though such exception.

ANALYSIS

La.C.C.P. Art. 1111 states in pertinent part:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
Appellant relies on Wilks v. Allstate Ins. Co., 195 So.2d 390 (La.App. 3 Cir.1967), in which the Third Circuit, in determining that |4any insurer can implead any other alleged insurer by third party demand, stated:
Under our interpretation of the pro rata clause, the liability of both insurers with the insured and with each other is solidary. If so, any insurer sued can implead any other alleged insurer by third party demand. LSA-C.C. Art. 2103; LSA-C.C.P. Art. 1111. A defendant insurer is generally far better able to do so than is the insured.
We think the present matter is controlled by other, later, jurisprudence. The Supreme Court has discussed article 1111 in Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973) and Boyer v. Trinity Universal Ins. Co. of Kansas, Inc., 576 So.2d 444 (La.1991):
A defendant in a principal action may bring in, by third party petition, any person who is his warrantor or who may be liable to him for all or part of the principal demand. La.C.C.P. art. 1111. Where a third party demand does not allege that the third party defendant is a warrantor of the third party plaintiff or is Hable for all or part of the principal demand, pursuant to C.C.P. art. 1111, that third party demand fails to state a cause of action. Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 728 (La.1973); State of Louisiana v. Reliance Insurance Co., 487 So.2d 160 (La.App. 4th Cir.), writ denied, 493 So.2d 635 (La.1986); Price v. Hooper, 414 So.2d 842 (La.App. 4th Cir.1982); Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982). [Emphasis supphed].
Under La.C.C.P. art. 1111, the third party demand must allege that the third party defendant is Hable to the third party plaintiff for all or part of the principal demand. Karam, supra; Boyer, supra. Also, Rice Capital Sales, Inc. v. Herpin, 488 So.2d 316 (La.App. 3 Cir.1986); Wilson Industries, Inc. v. Atlas Production Services, Inc., 1596-0149 (La.App. 4 Cir. 6/5/96), 675 So.2d 1221. As stated in State of Louisiana v. Reliance Insurance Co., 487 So.2d 160 (La.App. 4 Cir.1986), writ denied, 493 So.2d 635 (La.1986);
The third party must be derivatively or secondarily Hable on the principal demand, but the defendant in the principal action may not bring in a third party merely on aUegations that it is Hable to the original plaintiff directly.
As we read the present third-party petition, Lumbermen’s is aHeging that appeHees are Hable as insurers of MCC to Harge, the original plaintiff on the principal demand. No privity of contract between appeUant and appeHees (nor any other relationship between them), is declared which might indicate that appellees are warrantors of Lum *1068 bermen’s. Therefore, according to the above jurisprudence, Lumbermen’s has failed to state a cause of action in this third-party petition.[3] Furthermore, it is apparent from the petition that Lumbermen’s is alleging a joint obligation with appellees, as was the case in Tufaro, supra, and consequently cannot maintain its petition.
Lumbermen’s alleges that because it has requested reimbursement for attorney fees and costs against appellees, that an exception of no cause of action cannot be maintained. We disagree. Had Lumbermen’s otherwise made appellees proper third-party defendants, such claim might be maintained. See e.g., Wilson, supra. |6Lumbermen’s stated that it has undertaken the defense of MCC “despite the fact that [appellees] have coverage for the claims made.” Lumbermen’s has a duty to defend MCC on the original demand. See Continental Graphics Services, Inc. v. Hanover Louisiana, Inc., 96-78 (La. App. 5 Cir. 5/28/96), 675 So.2d 1195 (an insurer’s duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy). Once again, the claim for attorney fees expended by Lumbermen’s does not constitute all or part of the principal demand and so cannot be the basis for a third party demand under these circumstances.
We find no error in the determination of the trial court to grant the exceptions of no cause of action. For the foregoing reasons, the judgment is affirmed.

AFFIRMED.

. This suit was initially filed in Orleans Parish, and pursuant to an exception of improper venue, was transferred to the Twenty-Fourth Judicial District Court.

. The disposition of Traveler's exception is not apparent of record.

. As Tufaro v. Stanley Bishop Real Estate, Inc., 422 So.2d 220 (La.App. 4 Cir.1982) points out, any cause of action based on subrogation does not yet exist, there having been no payment made by the insurer at this time. Therefore, it does not appear that the right to bring any such action will be barred by La.R.S. 13:4231.