726 So.2d 519 (1999)
Robert S. TAYLOR, et al.
v.
SHONEY'S, INC., et al.
No. 98-CA-810.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*520 Edward F. Harold, New Orleans, Louisiana, Attorney for Appellee.
Deborah L. Faust, Metairie, Louisiana, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE and MARION F. EDWARDS.
EDWARDS, Judge.
Appellants Robert S. Taylor, individually and on behalf of his minor son Zachary Taylor ("Taylor"), appeal a judgment of the district court maintaining an exception of no cause of action in favor of defendant Shoney's Inc. ("Shoney's"). We affirm.
Taylor filed suit against Shoney's, Timothy Williams, and ABC Insurance Company, alleging that those parties were responsible for the death of Diana Taylor, wife of Robert and mother of Zachary. The petition stated that:
Williams was a manager at a Shoney's restaurant in New Orleans and that Jerry Earp, on probation at the time of his hiring, was a busboy at the same restaurant;
that Shoney's and Williams were aware of Earp's status, yet hired Earp without conducting a proper background investigation;
that Earp approached Williams, while both were on duty and acting within the course and scope of their employment, and inquired about purchasing a handgun;
that Williams, while in the course and scope of his employment, sold or transferred a .357 magnum handgun to Earp, a minor, while both were on the business premises; and
that Earp subsequently shot and killed Diana Taylor in the process of committing an armed robbery with the aforesaid handgun.
The petition further alleged that Shoney's was liable for the negligent hiring of Earp, and for failing to properly train and/or supervise its managers, for failing to prevent the illegal sales of handguns on its premises, and in failing to prevent employees from bringing guns on its premises. Other allegations were made against Williams which are not pertinent to these proceedings. Shoney's filed an exception of no cause of action, which exception was maintained by the trial court.
Plaintiffs filed two amending petitions. The first alleged that Williams transferred the gun to Earp, along with five rounds of ammunition, for sale to a third (named) party. It was further averred that:
Mrs. Taylor had agreed to drive Earp home during his employment at Shoney's;
Earp's probation was monitored by, among others, his employer, and that Shoney's agreed to guarantee the supervision of Earp;
that Williams, as Earp's supervisor, exerted power and control over Earp and that it was difficult for Earp to "refute" Williams' *521 request to assist him in selling the handgun;
that Earp would not otherwise have had access to a gun which he carried while he performed his duties at Shoney's;
that but for the relationship at Shoney's, Earp and Williams would have had no contact.
Shoney's liability was said to consist of, among other things, its negligent hiring and retention of a manager who engaged in the illegal transfer of a handgun on its premises; who permitted an employee with a criminal record to carry a gun on the premises; and who allowed Taylor to pick up Earp, knowing he was armed yet failing to warn her or to notify the police. Shoney's was further alleged to be liable because Williams kept the gun on the premises to insure the safety of Shoney's customers and property, and therefore benefitted from having the weapon on the premises.
The second amending petition added "John Doe" as tutor for Earp as a defendant.
Shoney's filed another exception of no cause of action to the petitions, which exception was again granted. It is that judgment which is presently on appeal before us.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 640 So.2d 237 (La.1994); Nelson v. Williams, 97-276 (La.App. 5th Cir. 9/30/97), 707 So.2d 436. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru [South], Inc., et al., 616 So.2d 1234 (La.1993); Lybrand v. Newman, Drolla, Mathis, Brady & Wakefield, 95-9 (La.App. 5th Cir. 10/31/95), 663 So.2d 850. In deciding the exception, the court must accept the well-pleaded allegations of fact as true; the issue at trial is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Lybrand, supra. Furthermore, pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Caronia v. McKenzie's Pastry Shoppes, 97-0681 (La.App. 4th Cir. 10/1/97), 700 So.2d 1315, writ denied, 97-2695 (La.1/9/98), 705 So.2d 1113.
Under La. Civil Code 2320, an employer is answerable for the damage occasioned by his "servants and overseers, in the exercise of the functions in which they are employed.... Responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
In Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, our Supreme Court considered whether a hospital was vicariously liable for the sexual battery committed by one of its supervisors upon a co-employee during working hours on the hospital's premises. There the court summarized prior jurisprudence as follows:
the law in this area is clear that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury ...
In fact, this Court has held that in order for an employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." Barto v. Franchise Enterprises, Inc., 588 So.2d 1353, 1356 (La.App. 2d Cir.1991), writ denied, 591 So.2d 708 (1992) (quoting LeBrane v. Lewis, 292 So.2d 216, 217, 218 (La.1974)).
"An employer is not vicariously liable merely because his employee commits an *522 intentional tort on the business premises during working hours." "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective."
More specifically, our LeBrane v. Lewis decision considered the following factors in holding an employer liable for a supervisor's actions in stabbing his fellow employee:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
... This does not mean that all four of these factors must be met before liability may be found. Miller v. Keating, 349 So.2d 265, 268 (La.1977). But as we noted above in Scott[v. Commercial Union Ins. Co., 415 So.2d 327 (La.App. 2d Cir.1982)], an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours ... The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment.

Id,(some citations omitted).
After finding that the hospital/employer was not vicariously liable in that case, the court held that that as a matter of law an employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. There must additionally be at least some evidence that the intentional act was reasonably incidental to the performance of the employee's duties or that the tortious act was primarily employment rooted. Id.
Under the analysis approved and utilized by our Supreme Court, we find that plaintiff failed to state a cause of action under the theory of vicarious liability. Although the sale of the gun was alleged to have occurred on Shoney's premises during working hours, the sale or transfer of a handgun cannot be said to be either primarily employment rooted or reasonably incidental to the performance of Williams' duties as manager of Shoney's. The allegation that Williams may have kept the gun on the premises for the safety of Shoney's customers and property is not relevant to the ultimate illegal transfer of the weapon and murder. Selling a handgun to a juvenile employee cannot reasonably be found to be in furtherance of any objectives of Shoney's. The entire incident is well outside the business of operating a restaurant and was clearly motivated by purely personal considerations (of both Williams and Earp).
Additionally, there are no allegations (nor do we perceive the possibility of such) that the actions of Earp were incidental to his duties as a busboy, or somehow were actuated by an intent to benefit Shoney's. Further, the risk of harm that Earp would commit a murder well off the business premises after work, clearly is not fairly attributable to Shoney's business. Accepting the allegations of the petition as true, plaintiffs have not stated a cause of action against Shoney's under the theory of vicarious liability.
For similar reasons, we find that plaintiffs cannot maintain a cause of action for negligence. The standard negligence analysis applicable in determining whether to impose liability under La. Civil Code Article 2315 is the duty-risk analysis, which consists of the following four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant owe a duty to the plaintiff? (3)Was the duty breached? And (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Roberts v. Benoit, 605 So.2d 1032, (La.1991). For a plaintiff to recover on a negligence theory, all four inquiries must be affirmatively answered. Id.
Accepting as true plaintiff's allegations that Shoney's was negligent, we must now determine whether Shoney's owed a duty to Mrs. Taylor which it breached. *523 Where there is no duty on the part of the defendant to protect the plaintiff from the risk involved, there can be no liability under a duty/risk analysis. Roberts, supra; Crovetto v. New Orleans City Park Improvement Assoc., 94-1735 (La.App. 4th Cir. 3/29/95), 653 So.2d 752; Mays v. Gretna Athletic Boosters, Inc., 95-717 (La.App. 5th Cir. 1/17/96), 668 So.2d 1207. The scope of the duty is a question of law and based on policy questions as to whether the particular risk falls within the scope of the duty. Roberts, supra; Mays, supra. When no duty exists, a court will dismiss a petition as a matter of law for failure to state a cause of action. See Byers v. Edmondson, 97-0831 (La.App. 1st Cir. 5/15/98), 712 So.2d 681.
The Supreme court recognized the tort of negligent hiring in Roberts v. Benoit, supra. The most critical issue in the instant case is whether the injury plaintiff sustained was within the contemplation of the duty not to hire incompetent employees or employees who will subject third parties to a risk of harm. The inquiry is whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Id.
When an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a crime against a third party, he has a duty to exercise reasonable care in the selection of that employee. Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192, 199 (La.App. 4th Cir.1973), cert. denied, 290 So.2d 899 (La.1974); Smith v. Orkin Exterminating Co., Inc. 540 So.2d 363 (La.App. 1st Cir. 1989). There was no such "unique opportunity" either for Williams as manager to sell a gun to Earp, or for Earp as a busboy to buy the gun and to commit murder.
There is no allegation that Shoney's was aware that Williams engaged in the illegal transfer of the gun, or that he had done so more than once, or that Shoney's should have been aware of these activities, or that Williams had a propensity or record for engaging in illegal activities. Assuming that Shoney's had a duty to ensure that employees did not bring guns on the premises, that duty is clearly to protect its customers and other employees; further, the murder did not take place on the premises. For that same reason, the allegation that Shoney's was negligent in permitting an employee with a criminal record to carry a gun on the premises does not disclose a duty, since the murder took place elsewhere, after working hours.
Additionally, there is no duty to control or warn against the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). The petition does not state nor indicate the existence of any special relationship between Mrs. Taylor and Shoney's. There is no allegation that Shoney's assumed the responsibility for the safety of the victim (see Harris v. Pizza Hut, supra).
In summary, there is no stated or implied relationship between Shoney's and the victim, so as to give rise to a particular duty which may have been breached.
Whatever duties Williams may have breached in regard to Mrs. Taylor, such cannot be ascribed to Shoney's.
For the foregoing reasons, the judgment is affirmed. Costs are taxed to appellant.
AFFIRMED.