**NORTHERN KING SHIPPING CO., LTD. and Sun Enterprises, Ltd.**

v.

**MAPCO PETROLEUM CO., et al.**

**No. Civ.A. 99–0540.**

United States District Court, E.D. Louisiana.

May 5, 2000.

Derek Anthony Walker, Daniel Alfred Tadros, H. Michael Bush, Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, LA, for plaintiffs.

John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for MAPCO Petroleum Co., defendant.

Randall A. Smith, Andrew Lewis Kramer, Smith, Jones & Fawer, New Orleans, LA, for Mustang Services, Inc., Patrick Daniel Jacobs, Linda Jacobs, defendants.

## ORDER AND REASONS

CLEMENT, District Judge.

Before the Court are four motions: (1) defendant MAPCO Petroleum, Inc.'s ("MAPCO")[1] Motion to Dismiss under Rule 12(b) and/or for Summary Judgment; (2) defendants Mustang Services, Inc.'s ("Mustang") and Linda Jacobs' (collectively the "Jacobs defendants") Motion to Dismiss Pursuant to Rule 12(b)(6);[2] (3) MAPCO's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11; and (4) defendants Mustang and Linda Jacobs' Motion for Sanctions Pursuant to Rule 11. For the following reasons, MAPCO's Motion to Dismiss and/or for Summary Judgment is GRANTED, the Jacobs defendants' Motion to Dismiss is GRANTED, MAPCO's Motion for Sanctions and Attorney's Fees is DENIED, and the Jacobs defendants' Motion for Sanctions is DENIED.

## BACKGROUND

This dispute arises out of a judgment awarded by this Court in a prior action, *Linda Jacobs v. Northern King Shipping Co., Ltd., et al.*, Civil Action No. 97–772. Patrick Jacobs ("Jacobs") died on March 8, 1997, while aboard the M/T Marina. After the death of her husband, as temporary administratrix of Jacobs' Estate, Linda Jacobs filed suit against Northern King Shipping Co., Ltd. ("Northern King") and Sun Enterprises, Ltd. ("Sun"), bringing claims under the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761, *et seq.* and general maritime law. Northern King was the owner of the M/T Marina and Sun was the manager of the vessel. MAPCO, a defendant to the current suit, chartered the M/T Marine under a tanker voyage charter party dated February 25, 1997 (the

---

1. Defendant MAPCO was referred to erroneously as MAPCO Petroleum Company in plaintiffs' Complaint.

2. Plaintiffs' Complaint named originally as defendants MAPCO, Mustang, Linda Jacobs and the Estate of Patrick Daniel Jacobs. Thus, the Jacobs defendants included the Estate of the decedent at the time the Motion to Dismiss was filed. On September 20, 1999, plaintiffs filed an Amended Complaint to delete the Estate of Patrick Daniel Jacobs (the "Estate"). Because the Estate is no longer a party to this case, hereafter, the Court's use of the term "Jacobs defendants," as well as the Court's ruling on the Jacobs' defendants Motion to Dismiss, refers and pertains only to defendants Mustang and Linda Jacobs.

"Charter Party"). Jacobs had been retained by MAPCO as a loss control representative for the voyage through Mustang, a surveying company, and remained an employee of Mustang. Jacobs was also the President and a fifty percent shareholder of Mustang.

This Court rendered judgment on February 27, 1998, in favor of Linda Jacobs and against Northern King and Sun after trial on the merits, finding such defendants responsible for Jacobs' death. The Court ruled that the failure of the M/T Marina's crew to respond to Jacobs' plight was a failure to exercise reasonable care under the circumstances. The Court did not attribute fault to any other person or entity.

Northern King and Sun are now before this Court as plaintiffs in an action to seek indemnity and contribution from three defendants.[3] Plaintiffs allege that at the time Jacobs was hired by MAPCO for the voyage on which he died, Jacobs knew that he suffered from advanced liver disease and was aware that doctors had imposed on him restrictions on his performance of surveying duties. Plaintiffs allege that defendants' negligence in hiring and/or providing Jacobs' services contributed to his death, and thus the defendants should pay a portion of the damages assessed against Northern King and Sun. Specifically, plaintiffs bring claims of negligence against Linda Jacobs, as Vice–President and fifty percent shareholder of Mustang, for failing to exercise her duties as an officer of Mustang to prevent Jacobs from making the voyage when she was aware of his serious medical condition. Plaintiffs also bring claims of negligent hiring and breach of the relevant Charter Party against MAPCO, alleging that MAPCO failed to determine whether Jacobs was "fit for his intended duties," and claims of negligence and breach of the warranty of workmanlike performance against Mustang as Jacobs' employer.

Linda Jacobs and Mustang move the Court to dismiss plaintiffs' claims on the ground that they fail to state a claim upon which relief can be granted. MAPCO moves this Court for dismissal of plaintiffs' claims on similar grounds, and in the alternative, for summary judgment claiming that the physical condition of the decedent is irrelevant to the adjudged liability on plaintiffs' part because the Court found Jacobs' death resulted from the negligence of plaintiffs' crew.

## STANDARD OF REVIEW

Defendants move to dismiss plaintiffs' complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). To determine whether the Court should grant defendants' motions to dismiss for failure to state a claim, the Court must "accept all well-pleaded facts as true, and ... view them in the light most favorable to the plaintiff." *Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir.1994). Dismissal is justified "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.* (citation omitted). Conclusory allegations or legal conclusions appearing as factual conclusions are insufficient to prevent dismissal for failure to state a claim. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

Because defendants submitted numerous exhibits to supplement the pleadings, this Court exercises its discretion under Fed. R.Civ.P. 12(b) to treat defendants' motions as Motions for Summary Judgment. Thus, pursuant to Fed.R.Civ.P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S.

---

**3.** *See* discussion, *supra* note 2.

242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To oppose a motion for summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact, and cannot merely rest on allegations and denials. *See id.* at 324, 106 S.Ct. at 2552. Factual controversies are to be resolved in favor of the non-moving party. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

## LAW AND ANALYSIS

### I. MAPCO's Motion to Dismiss and/or Motion for Summary Judgment

MAPCO asserts that plaintiffs' Complaint fails to state a claim upon which relief can be granted because the action fails to state a valid cause of action or, in the alternative, the action is barred by claim and/or issue preclusion. First, MAPCO asserts that plaintiffs seek to impose on it a duty that has never been recognized by any court—the duty of conducting a pre-employment physical or background check into Jacobs' physical and mental condition. MAPCO asserts that it was under no duty to conduct a pre-employment physical or background check into Jacobs' physical and mental condition. MAPCO also asserts that even if it had such a duty, plaintiffs' attempt to impose the duty is in violation of the terms of the Charter Party and the general principles of indemnity and general maritime law. Moreover, MAPCO points out that this Court stated in its Findings of Fact and Conclusions of Law that there is not sufficient evidence to establish that Jacobs' doctors properly evaluated his medical condition, and thus, it is unlikely that a pre-employment physical or background check would have revealed the truly serious nature of Jacobs' medical condition or recognized the connection between his liver disease and bouts of confusion. It is true that this Court found previously that no physician had conclusively diagnosed Jacobs' condition. More importantly, irrespective of Jacobs' medical condition, the Court found that the crew of the M/T Marina failed to act reasonably under the circumstances in attending to Jacobs' situation.

In response, plaintiffs assert that MAPCO failed to use reasonable care to discover Jacobs' "unfit" condition to perform the duties for which he was hired. If MAPCO had inquired into Jacobs' qualifications and experience before hiring him, plaintiffs argue, or inquired into his physical and medical conditions before dispatching him, and personally interviewed him, checked his references and verified his background, it would have discovered that Jacobs suffered from bouts of confusion and disorientation as a result of advanced liver disease. Specifically, plaintiffs assert that had MAPCO made such injuries, it would have discovered that a least one other company refused to employ Jacobs as a result of unusual liver tests, and that a physician advised Jacobs not to work near water or at heights. Plaintiffs also argues that MAPCO would have discovered that Jacobs was seriously ill only thirty days prior to voyage. In sum, plaintiffs argue that such actions would have given MAPCO reason to suspect Jacobs was incapable to perform as a loss control representative on an oceangoing tanker.

 In light of its prior findings, the Court is not convinced that plaintiffs' argument states a valid claim for relief. The Court fails to discern how plaintiffs can possibly prove that a pre-hire background check would have revealed that Jacobs was "unfit" to serve as a loss control representative aboard the M/T Marina when Jacobs, himself, was unaware of the serious nature of his condition and/or the potential hazards of serving aboard an oceangoing tanker and his doctors did not adequately inform him of the dangers posed by his condition. *See* Conclusions of Law dated February 27, 1998, at P. 8 (finding that no one had made the connection between Ja-

cobs' prior bouts of confusion and disorientation and his liver disease). In addition, the Court finds no authority for the existence of an independent legal duty that gives rise to a tort claim in the case at hand. *See e.g., Riley v. Tokola Offshore, Inc.*, 626 F.Supp. 616, 618 (C.D.Cal.1985) (finding only a claim based in contract); *Mahoney v. Chicago Pneumatic Tool Co.*, 1982 WL 2010, at *2–*3 (W.D.Mich. Jul.27, 1982) (finding no such duty to refer/hire out healthy workers). MAPCO also argues that it did not employ Jacobs as its employee, but rather, it "utilized Jacobs as an independent surveyor." Thus, MAPCO argues that it had no duty to prevent negligence on the part of an independent contractor, especially where the independent contractor was previously found not liable for contributory negligence. Further, MAPCO argues that while the M/T Marina's crew had a duty to exercise reasonable care under the circumstances, MAPCO had no intervening duty to ensure proper action by the crew. Plaintiffs respond that MAPCO breached its duty of exercising reasonable care in all matters relating to the vessel, including hire, while the vessel was under its control, and thus it is liable for employment of an incompetent loss control representative under pure negligence theory. At all relevant times, however, Jacobs was an employee of Mustang. Jacobs merely provided independent surveyor services for MAPCO. The Court finds that MAPCO cannot be held to a duty to prevent negligent acts on the part of Mustang, Jacobs' employer.

■ The Court relies on *Robinson v. Cooper/T. Smith Corp.*, in which it was held that a defendant in a position analogous to MAPCO's could not be held liable for breach of an independent delictual duty and/or implied warranty of workmanlike performance owed by an employer. 1989 WL 97922, at *3 (E.D.La. Aug.17, 1989). Just as the decedent there was not performing work for Cooper/T. Smith, here, Jacobs was not performing work for Northern King or Sun, but was retained to provide loss-control services as an independent contractor for MAPCO. Jacobs remained the employee of Mustang. A warranty of workmanlike performance arises only where "the putative warrantor is performing some type of service for the party asserting the warranty." *Id.* at *2 (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1211–12 (5th Cir.1986)). The warranty runs only to a vessel owner. *See id.* at *3. MAPCO cannot be held to a duty to ensure Jacobs was in proper medical condition. Even if this were not the case, the Court reminds the parties that the crew's actions aboard the M/T Marina were found in breach of the standard of reasonable care. Jacobs' injury and death were simply too attenuated to be within the scope of the risk assumed by any duty MAPCO had to check its "employee," and the cases establish that Northern King and Sun are not entitled to rely on the warranty of workmanlike performance as a basis for recovery.

■ MAPCO next addresses the tort of negligent hire. Action for this tort is premised on negligence of an employee which directly and proximately causes harm to a third party. *See e.g., Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953 (5th Cir.1994) (affirming summary judgment where it was found that no information would have been discovered from a pre-employment background check and employer had no reason to suspect employee unfit despite the employee's intentional harm to a third party); *Abdeljalil v. City of Fort Worth*, 55 F.Supp.2d 614, 620–21 (N.D.Tex.1999) (finding no liability where no evidence that background check would have prevented hiring or liability for third party injury). Plaintiffs argue that this statement of the law is incorrect, relying on *SeaRiver Maritime, Inc. v. Industrial Med. Servs., Inc.*, and other cases for the proposition that the tort of negligent hire imposes liability on an employer for employer negligence in failing to investigate properly an employee's background before hire. 983 F.Supp. 1287 (N.D.Cal.1997). This Court has already determined that Jacobs was not

negligent. In other words, Jacobs' own actions or condition did not give rise to liability on the part of the plaintiffs to this suit. The fact that Jacobs' condition did not cause "harm" to a third party bars plaintiffs' claim of negligent hire. Moreover, the cases on which plaintiffs rely are distinguishable in that they involved employees who were in positions of control or unique positions to prevent harm and the employers were found liable because they had some reason to suspect a hired employee was incapable of competent performance. *See SeaRiver*, 983 F.Supp. at 1297. The motion for summary judgment at hand cannot be defeated by plaintiffs' assertions that MAPCO could have found information on Jacobs' condition through a background check since no evidence suggests that MAPCO would have gained knowledge of a fact sufficient. to hint at Jacobs' alleged "unfit" condition.

▇▇▇ The Court also finds that plaintiffs fail to state a claim for breach of the Charter Party. Plaintiffs allege that MAPCO breached the Charter Party by dispatching a person unfit to perform his duties as loss control representative. Under the terms of the Charter Party:

> The Vessel, her Master and Owner shall not, unless otherwise in this charter expressly provided, be responsible for any loss or damage ... arising or resulting from:—any act, neglect, default or barratry of the Master ... any act or omission of the Charterer or Owner, Shipper ... their agents or representatives.

*See id.* P. 19 (General Exceptions Clause). Plaintiffs contend that this paragraph holds MAPCO "responsible for any loss or damage arising or resulting from any act or mission of MAPCO, its agents or representatives," because it enumerates the acts and events for which the owner, Northern King, is not responsible. Plaintiffs argue that the language of this paragraph sets forth MAPCO's contractual obligation to employ subcontractors who are competent to perform their duties. Thus, taking the stance that Northern King was not responsible for hiring Jacobs, plaintiffs argue

that because Northern King was harmed as a result of MAPCO's alleged dispatch of an incompetent employee, MAPCO is liable independent of Northern King's liability. Plaintiffs' allegations lack support. A thorough review of the Charter Party reveals that no provision imposes such a duty on the Charterer. Northern King's liability was found by this Court to result from its crew's failure to act reasonably under the circumstances. Northern King's liability is not premised on any act or failure to act on MAPCO's part. Moreover, the cited provision does not establish liability on MAPCO's part for a third-party right to recover for damages resulting from actions on the part of Northern King and/or Sun. Finally, the Charter Party does contain express indemnity provisions in Paragraph 20(iv) and Paragraph XX of the Special Provisions. Such express provisions preclude either party to the maritime contract from seeking indemnity under tort or implied contractual theories. *See Continental Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1347–48 (5th Cir.1979). Because the Charter Party contains express indemnity provisions, and because none of the provisions render MAPCO liable for any loss or damage resulting from MAPCO's actions or inactions as they relate to hiring Jacobs, plaintiffs' breach of contract claim must be dismissed.

▇▇▇ Finally, MAPCO asserts that the doctrine of collateral estoppel bars plaintiffs' claims before this Court. MAPCO argues that the issue of fault in causing or contributing to Jacobs' death was previously litigated in and resolved by this Court. In response, plaintiffs argue that MAPCO was not a party to the prior suit, nor was the negligence of MAPCO or parties other than the plaintiffs considered, and thus collateral estoppel does not bar their claims. Because the issue of plaintiffs' negligence was tried by this Court and led to a judgment against plaintiffs, the Court finds that as a matter of law, plaintiffs are not entitled to relief from MAPCO or the other defendants. The

Fifth Circuit has stated, "[a] right, question, or fact distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction collaterally estops a party ... from relitigating the issue in a subsequent action." *Universal American Barge Corp. v. J–Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991) (quotations and citations omitted). Under the doctrine of collateral estoppel, four conditions must be met: (1) the issue under consideration must be identical to that litigated in the prior action; (2) the issue must have been fully and vigorously litigated in the prior action; (3) the issue must have been necessary to support the judgment in the prior case; and (4) there must be no special circumstances that would make it unfair for the Court to apply the doctrine. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir.1998). Examples of special circumstances include where the plaintiff could have easily joined the previous action but instead chose to "wait and see" what judgment would be rendered, or where the defendant had the incentive to defend vigorously against the action, especially if only nominal damages were sought or future suits were unforeseeable. *See id.* The Court has broad discretion in determining whether collateral estoppel is employed appropriately to preclude relitigation of certain issues. *See id.* at 392.

The issue of who was at fault in causing Jacobs' death is the issue central to the current suit and this issue was, indeed, fully and vigorously litigated before this Court. The current plaintiffs had every opportunity to litigate MAPCO's negligence in asserting their own lack of negligence during the prior trial. Plaintiffs also had the opportunity to tender MAPCO directly to Linda Jacobs under Fed. R.Civ.P. 14(c) since the prior suit was designated as an action under Rule 9(h). Having found that the negligence of the crew of the Marina was the cause-in-fact of Jacobs' death, this Court finds that the issue of fault was necessary to support the judgment in the prior case. Moreover, there are no special circumstances that would render the application of the doctrine unfair in the case at hand. Overall, the Court emphasizes that it finds that there is no evidence before it to support the argument that MAPCO could have acted in some way to prevent the retention of an employee "unfit" for the loss control position in light of the finding that Jacobs himself was unaware of the serious nature of his condition because he was not so informed by his doctors. If the decedent himself was unaware of the potential hazards aboard an oceangoing tanker, surely the plaintiffs cannot allege that persons other than the decedent should have known that Jacobs' condition might cause him harm or cause harm to others. With no evidence to support a finding of negligence such that MAPCO can be held responsible for some of the damages rendered against plaintiffs, plaintiffs' claims against MAPCO must be dismissed.

## II. Linda Jacobs' and Mustang's Motion to Dismiss

The Jacobs defendants assert that plaintiffs' Complaint fails to state a claim upon which relief can be granted on four grounds: (1) plaintiffs cannot maintain a claim for negligent hire against a corporation or a non-controlling officer of a corporation; (2) plaintiffs' factual allegations of negligent hire are insufficient to state such a claim as a matter of law; (3) plaintiffs are prescribed from litigating their asserted claims under the doctrine of *res judicata*; and (4) plaintiffs are prescribed from litigating the issue of negligence in the employment/hire of the decedent under the doctrine of collateral estoppel. As to the first ground, defendants assert the proposition that a claim for contribution from a party charged with negligent hire cannot be maintained by a third-party. In other words, defendants argue that an employee, or one suing in an employee's shoes, has no cause of action against his employer for negligent hiring. By analogy then, Jacobs could not maintain a claim against Mustang as his employer, or his wife as an officer of Mustang, on a theory

of negligent hire. It follows that plaintiffs here should not be allowed to step into Jacobs' shoes since he, himself, could not bring a claim. Next, defendants present an argument similar to that asserted by MAPCO—that the tort claim of negligent hire is available only under a set of facts where an employee commits a tort against a third party and the employer knew or should have know of the employee's propensity to act in such a manner.

■ As discussed more fully above, the Court finds that plaintiffs can prove no set of facts entitling them to relief from defendants Linda Jacobs and Mustang under the theory of negligent hire. It would not be reasonable, let alone successful, for plaintiffs to argue that Linda Jacobs and Mustang knew more about Jacobs' medical condition and ability to perform as a loss control representative than Jacobs himself knew at the time he agreed to perform services for MAPCO aboard plaintiffs' vessel. Linda Jacobs and Mustang simply cannot be held to the legal standard that they knew or should have known that Jacobs' disorientation and confusion was related to his liver condition, as no doctor had advised Jacobs sufficiently, nor his wife or his company, of this connection. Moreover, plaintiffs fail to establish a duty on the part of Linda Jacobs and/or Mustang to provide a physically and mentally capable employee for the benefit of a third party, breach of which could give rise to a tort claim for negligent hire. No facts alleged by plaintiffs establish that the Jacobs defendants should have realized the serious potential consequences of Jacobs' condition; nor do the facts alleged establish that Linda Jacobs had control over her husband as an officer of Mustang. There is no evidence that she directed the corporation or had the ability to choose Jacobs' assignments. Similarly, there is no evidence that even if she had knowledge superior to Jacobs, a fact that the Court in no way accepts, Linda Jacobs could have prevented Jacobs from taking the assignment aboard the M/T Marine as a Mustang employee. The critical issue is "whether the injury plaintiff[s] sustained was within the contemplation of the duty not to hire incompetent employees or employees who will subject third parties" to a risk of liability. *Taylor v. Shoney's, Inc.*, 726 So.2d 519, 523 (La.App.1999). Just as Northern King and Sun had no knowledge of Jacobs' condition, Linda Jacobs and Mustang did not know of the potential for harm to result and cannot be held to have foreseen Jacobs' plight.

Plaintiffs also argue that the Jacobs defendants breached the warranty of workmanlike performance that generally runs to the owner of a vessel. At the outset, the Court notes that it is not convinced that the Jacobs defendants owed such a warranty to Northern King absent a contractual relationship. Plaintiffs claim, nonetheless, that in dispatching Jacobs to the M/T Marina through a contract with MAPCO, the defendants became liable for all foreseeable and proximately caused losses incurred by the vessel owner. This argument is premised on the fact that Northern King, as vessel owner, indirectly benefited from Jacobs' services. While the Court does not question such reasoning, it nonetheless concludes that any action or inaction by the Jacobs defendants cannot be held a foreseeable and proximate cause of the economic liabilities incurred by plaintiffs when such liabilities resulted from the M/T Marina's crew negligence in failing to act with reasonable care under the circumstances presented by Jacobs' plight.

■ Defendants further argue that the doctrine of claim preclusion, or *res judicata*, precludes plaintiffs' claims in this suit. The Court agrees. The Court finds that plaintiff, as temporary administratrix in the prior suit, adequately represented her individual interests and the interests of Mustang such that the parties to both suits are in privity. The Court further finds that the causes of action in both suits satisfy the transactional test used within this Circuit. *See Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir.1994). Because this Court has already

found that Jacobs was not contributorily negligent, plaintiffs cannot now assert a claim for contributory negligence against Linda Jacobs or Mustang, as such a claim requires the very defense rejected by this Court. Finally, defendants assert that the issue of who was at fault for Jacobs' death was already litigated and decided by this Court, and thus the doctrine of collateral estoppel also bars plaintiffs claims in the case at hand. As set forth in the Court's reasoning in Section I, the Court's consideration during the prior trial was not limited to the treatment or medical care offered to Jacobs on behalf of the M/T Marina crew. Rather, the Court considered the fault leading to Jacobs' death. Because negligence on the part of Linda Jacobs and Mustang, as well as MAPCO, can only derive from a finding that Jacobs himself was negligent in hiring himself out with knowledge of his medical condition, and that issue has already been adjudged by this Court, plaintiffs' claims against Linda Jacobs and Mustang must also be dismissed.

## III. MAPCO's Motion for Rule 11 Sanctions and Attorney's Fees and Linda Jacobs' and Mustang's Motion for Rule 11 Sanctions

Defendants also claim that plaintiffs should be sanctioned under Fed.R.Civ.P. 11 because plaintiffs' Complaint sets forth claims that are not warranted by existing law and have no evidentiary support, and further, that plaintiffs' claims were presented to harass defendants, all in violation of Rule 11(b). Rule 11(b) provides:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

*Id.*

After a review of the record, the Court declines to award sanctions in this case, as it finds no evidence that this suit was initiated in bad faith or in order to harass or retaliate against the defendants. The Court finds that while plaintiffs and their counsel were fully aware of the nature and extent of this Court's consideration of the issue of fault in causing Jacobs' death from the trial of C.A. No. 97–772, the allegations of plaintiffs' Complaint did not completely lack evidentiary support at the time of filing. The circumstances of these claims are no different from other claims dismissed pursuant to Rule 12(b)(6) and/or summary judgment. Counsel may have reasonably believed that the claims filed on behalf of plaintiffs had evidentiary support, and the Court finds no evidence of a failure on counsels' part to attempt a reasonable and competent inquiry into the applicable law. Thus, sanctions are not warranted in this instance. The Court also declines to award attorney's fees and/or costs to any party.

Accordingly,

IT IS ORDERED that defendant MAPCO's Motion to Dismiss and/or for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that defendants Mustang Services, Inc.'s and Lin-

da Jacobs' Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED.

IT IS FURTHER ORDERED that MAPCO's Motion for Sanctions and Attorney's Fees and Linda Jacobs' Motion for Sanctions are DENIED.