769 So.2d 769 (2000)
Mildred HALL, Lee White, Willie Mae Williams, et al.
v.
ZEN-NOH GRAIN CORPORATION.
No. 00-CA-151.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
Writs Denied December 15, 2000.
*770 Henry S. Provosty, Oats & Hudson, New Orleans, Louisiana, Joseph C. Wiley, Gonzales, Louisiana, Attorneys for Appellant Zen-Noh Grain Corporation.
George J. Nalley, Jr., Dona J. Dew, Metairie, Louisiana, Attorneys for Third Party Defendant/Appellee Cargill, Incorporated.
J. Berry St. John, Jr., Greg L. Johnson, Liskow & Lewis, New Orleans, Louisiana, Attorneys for Third-Party Defendant/Appellee Lafarge Corporation.
Rene A. Curry, Jr., Christoffer C. Friend, Guy C. Curry, Curry & Friend, New Orleans, Louisiana, Attorneys for Third-Party Defendant/Appellee Occidental Chemical Corporation.
Anthony J. Nobile, Martin, Himel, Peytavin & Nobile, Lutcher, Louisiana, Attorneys *771 for Third-Party Defendant/Appellee Weber Marine, Inc.
Robert E. Kerrigan, Jr., W. Clay McGehee, Deutsch, Kerrigan, New Orleans, Louisiana, Attorneys for Third-Party Defendant/Appellee Martin Marietta Materials, Inc.
C. Douglas Wheat, Plavnicky, Wheat & Marshall, Houston, Texas, Attorney for Delta Bulk Terminal, Inc.
Robert J. Burvant, Hollis H. Robinson, King, LeBlanc, Bland, L.L.P., New Orleans, Louisiana, Attorneys for Third-Party Defendant/Appellee St. James Stevedoring Company, Inc.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Class action Defendant and third-party Plaintiff, Zen-Noh Grain Corporation (Zen-Noh), appeals a judgment granting the peremptory exception of no cause of action to third-party Defendants, Occidental Chemical Corporation (Occidental), Lafarge Corporation (Lafarge), Cargill Inc. (Cargill), Weber Marine, Inc.(Weber), IC RailMarine Terminal Co. (IC), St. James Stevedoring Co., Inc.(St.James), Martin Marietta Materials, Inc. d/b/a Martin Marietta Aggregates (Martin Marietta), and Stevedoring Services of America, Inc. (Stevedoring Services), successors to Delta Bulk Terminal. We affirm in part, reverse in part and remand.
A class action suit was filed against Zen-Noh by various Plaintiffs on June 8, 1999 for damages related to alleged grain dust emissions. A petition for certification was filed in July of 1999, but has not been ruled upon. On August 31, 1999, Zen-Noh answered the petition and filed third-party demands against the third-party Plaintiffs, including one that was voluntarily dismissed several months later, CS Metals of Louisiana, LLC. All of the third-party Plaintiffs filed exceptions of no cause of action.[1] A hearing on the exceptions was held in December of 1999. On December 14, 1999, the trial judge granted the exceptions.
On appeal, Zen-Noh asserts that the trial judge erred in granting the exceptions of no cause of action by failing to properly apply the law of solidary liability.[2]

NO CAUSE OF ACTION
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition. The legal sufficiency of the petition is found when the plaintiff is afforded a legal remedy, based solely on the facts alleged in the pleading. See: Taylor v. Shoney's, Inc., 98-810 (La. App. 5th Cir. 1/26/99), 726 So.2d 519, 521. In deciding the exception, the well-pleaded allegations of fact are accepted as true. Id. Under La.C.C.P. art. 931 no evidence may be introduced to support or controvert the exception.[3] The issue at the trial of the exception is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Id. However, the pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Id. When it can reasonably do so, the trial court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Id. The court of appeal reviews de novo the trial court's ruling on an exception of no cause of action. Id.; See: City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 640 So.2d 237, 253 (La.1994).

*772 THIRD PARTY DEMAND
A defendant in a principal action may bring in, by third party petition, any person who is his warrantor, or who may be liable to him for all or part of the principal demand. La.C.C.P. art. 1111. Where a third party demand does not allege facts showing that the third party defendant is either a warrantor of the third party plaintiff, or is liable for all or part of the principal demand, the third party demand fails to state a cause of action. See: Boyer v. Trinity Universal Ins. Co. of Kansas, Inc., 576 So.2d 444, 446 (La.1991); Harge v. MCC Const. Co., 97-116 (La.App. 5th Cir. 5/28/97), 695 So.2d 1065, 1067-1068. As stated in State of Louisiana v. Reliance Insurance Co., 487 So.2d 160, 162 (La.App. 4th Cir.1986), writ denied, 493 So.2d 635 (La.1986):
The third party must be derivatively or secondarily liable on the principal demand, but the defendant in the principal action may not bring in a third party merely on allegations that it is liable to the original plaintiff directly....
A third party demand is a device for shifting or sharing liability and may not be used as a means of asserting a defense to avoid liability completely.
In Reliance, defendant was an insurer who sought to bring in third party defendants responsible for the roof damage to the structure. The court stated that if Reliance proved that the roof damage was caused by some act or omission by one of the third party defendants, that proof would constitute a defense to the state's claim against Reliance, obviating the need for Reliance's claim for indemnity or contribution. But, if the state proved that hail caused the damage, there could be no claim against the third party defendants because they did not cause the hail. The court concluded that in either event, Reliance failed to state a cause of action against the third party defendants.
In this case, Plaintiffs allege that they suffered personal injury and property damage from grain dust, other particulate material, excessive noise, fumes and odors of sour grain emanating from Zen-Noh's grain loading facilities. In an amended petition, Plaintiffs asserted that these emissions from Zen-Noh began in 1975.
In the third-party petition, Zen-Noh adopts the contents of Plaintiffs' petitions, in extenso, and asserts that, if Plaintiffs suffered damages from exposure to dust and other particulate matter, which is denied, that the injuries were caused by the fault and/or negligence of the third-party Defendants. The petition asserts that the third-party Defendants are liable in solido, or alternatively jointly, for all of the Plaintiffs' alleged injuries and damages, if any. Zen-Noh prays for total dismissal, or, in the event Zen-Noh is found liable to Plaintiffs, for indemnification and/or contribution, and/or credit, and/or offset.

SOLIDARY LIABILITY
Solidary liability, as set forth in La.C.C. art. 2324, was modified by Acts 1987, No. 373 § 1 and Acts 1988, No. 430 § 1. It was eliminated by Acts 1996, 1st Ex.Sess., No. 3 § 1, effective April 16, 1996. Prior to the modification in 1987, joint tortfeasors were solidarily liable for damages resulting from their concurrent negligence or wrongdoing. See: Touchard v. Williams, 617 So.2d 885, 889 (La.1993). The underlying principal of solidary liability was to insure that the injured plaintiff received full recovery. The Touchard court noted that solidary obligations exist when the obligors are all obliged to the same thing, although they are obligated differently, by different acts or at different times. Id. Under pre-1987 law, one solidary obligor could be obligated for the whole. Id. at 890. However, La.C.C. art. 2324 reserved to all parties their respective rights of indemnity and contribution. Because of solidary liability, the concurring tortfeasors could properly be brought into a lawsuit by the third-party action because the third-party defendants would be indebted directly to the third-party plaintiff (the defendant in the plaintiff's suit) in the event that the third-party plaintiff was *773 cast in judgment for more than his proportion of fault.
After 1987, the legislature modified C.C. art. 2324 restricting the application of solidary liability. Under the amendment, for non-intentional tort cases, liability for damages caused by more than one tortfeasor was limited to the extent necessary for the injured person to recover 50% of his recoverable damages. This was intended to relieve the solvent obligor from owing 100% when it might only be minimally at fault and could not recover reimbursement through contribution or indemnity from the other tortfeasor(s) who might be insolvent, undeterminable, or hidden. Id. The amendment insured that the injured plaintiff would receive at least 50% of his damages. However, the judgment debtor was not liable for more that the degree of his fault to a judgment creditor to whom a greater degree of fault was attributed. The rights of contribution and indemnity were retained in the amendment.
In 1996, C.C. art. 2324 was amended to eliminate solidary liability, except for intentional or willful acts. Non-intentional tortuous acts are considered joint and divisible and each joint tortfeasor is liable only for the degree of fault attributed to his actions. Thus, joint tortfeasors do not owe contribution or indemnity to the other tortfeasors since each is only liable for his proportionate share.[4]
The question of the retroactivity of the 1987 and 1996 amendments to C.C. art. 2324 was addressed by the Louisiana Supreme Court. In Egros v. Pempton, 606 So.2d 780, 787 (La.1992) (fn.10), the Court noted that the 1987 change was a substantive change in the law, and thus, should be given prospective application. See also: La.C.C. art. 6. In Aucoin v. State Through Dept. of Transp. and Development, 97-C-1938, 97-C-1967 (La.4/24/98), 712 So.2d 62, 67, the Court held that the 1996 amendment was also a substantive change in the law requiring prospective application.

ANALYSIS
In this case, the original Plaintiffs assert that their damages have resulted specifically from grain operations. In its amended third-party petition, Zen-Noh alleged that three of the third-party Defendants, Cargill, Weber, and Stevedoring Services discharged, inter alia, grain dust or dust from grain by-products during the time in question. Thus, Zen-Noh has alleged claims against those third-parties who may be liable to it for all or part of the principal demand. La. C.C.P. art. 1111. We therefore reverse the judgment granting the exceptions of no cause of action as to Cargill, Weber, and Stevedoring Services.
As to the other third-party Defendants in this appeal, Zen-Noh only asserts that they discharged "dust" and other particulate matter, but it does not specify that the discharges arose from grains or grain by-products. Thus, the third-party petition does not assert any facts showing that those third-party Defendants are the warrantors of Zen-Noh, or that they may be liable to it for all or part of the principal demand, as the principal demand alleges damages only from grain operations. Thus, the trial judge properly granted the exceptions of no cause of action as to them. However, since it is not apparent from the third party petition that the grounds for the objection that the petition fails to state a cause of action cannot be removed, under La. C.C.P. art. 934, Zen-Noh must be given the opportunity to attempt to amend its petition to allege a cause of action due to any grain related discharges by those companies. If it cannot do so after a time set for the amendment by the trial judge, then the petition as to those parties should be dismissed.
Finally, we note that, even if Zen-Noh cannot amend its petition to state a cause of action against the dismissed third party Defendants, it can assert the defense at *774 trial that any or all of those other companies are responsible in whole or in part for the damages proven by Plaintiffs.
Accordingly, the judgment of the trial court granting the peremptory exceptions of no cause of action filed by third-party Defendants is affirmed as to Occidental, Lafarge, IC, St. James and Martin Marietta. However, Zen-Noh may amend its petition to state a cause of action against the dismissed Defendants within a time period set by the trial judge, if it can do so.
Further, the judgment granting the exceptions of no cause of action is reversed as to Cargill, Weber and Stevedoring Services.
The case is remanded for proceedings consistent with this opinion.
Costs of this appeal are to be divided between the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] Zen-Noh filed a separate third-party petition in December of 1999 against IMC-Agrico Co., Chevron Chemical Co., L.L.C., and C.F. Industries, Inc. Those parties are not involved in this appeal.
[2] Under La.C.C.P. art. 1915, this judgment would not ordinarily be appealable. However, the trial judge certified it as appealable, finding no justifiable reason for delay. We agree.
[3] The jurisprudence recognizes an exception to this rule that allows the trial court to consider evidence admitted without objection to enlarge the pleadings.
[4] However, there may be a right of contribution or indemnity under contract or some other provision of law.