777 So.2d 523 (2000)
Mildred HALL, Lee White, Willie Mae Williams, et al.
v.
ZEN-NOH GRAIN CORPORATION.
No. 00-CA-1376.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 2000.
Henry S. Provosty, Michelle K. Buford, Oats & Hudson, New Orleans, LA, Joseph C. Wiley, Gonzales, LA, Attorneys for Appellant Zen-Noh Grain Corporation.
Bradley C. Myers, John F. Jakuback, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, Attorneys for Appellees IMC-Agrico Company.
Eric E. Jarrell, Elizabeth S. Wheeler, Christina I. Sprecher, King, LeBlanc & Bland, L.L.P., New Orleans, LA, Attorneys for Appellee Chevron Phillips Chemical Company LP.
Mark C. Dodart, Anne E. Medo, Phelps, Dunbar, LLP, New Orleans, LA, Attorneys for Third-Party Defendants/Appellee Cf Industries, Inc.
Panel composed of Judges CANNELLA, CHEHARDY and GULOTTA, Pro Tempore.
*524 CANNELLA, Judge.
Class action Defendant and third-party Plaintiff, Zen-Noh Grain Corporation (Zen-Noh), appeals from a judgment granting the peremptory exception of no cause of action to third-party Defendants, IMC-Agrico Co. (IMC), Chevron Chemical Co., L.L.C., successor in interest to Chevron Phillips Chemical Company, L.P. (Chevron), and C.F. Industries, Inc. (CF) We affirm and remand.[1]
A class action suit was filed against Zen-Noh by various Plaintiffs on June 8, 1999 for damages related to alleged grain dust emissions. A petition for certification was filed in July of 1999, but has not been ruled upon, pending these appeals. On August 31, 1999, Zen-Noh answered the petition and filed third-party demands against various third-party Defendants, including one against CS Metals of Louisiana, LLC that was voluntarily dismissed several months later. All of the third-party Defendants filed exceptions of no cause of action. In December 10, 1999, Zen-Noh filed a First Supplemental and Amending Third Party Demand, naming as additional third-party Defendants, IMC, Chevron and CF. On December 14, 1999, the exceptions filed by the original third-party Defendants were granted. Zen-Noh appealed from that judgment in January of 2000.
In February of 2000 and May of 2000, IMC, Chevron and CF filed exceptions of no cause of action. The trial judge granted the exceptions of CF on May 23, 2000 and of IMC and Chevron on May 25, 2000. The trial judge issued reasons and a judgment on December 14, 1999 granting the exceptions filed by the original third-party Defendants.[2]
The appeal of the original exceptions was argued on August 9, 2000 and a judgment was rendered on September 26, 2000. See: Hall v. Zen-Noh, 00-151 (La.App. 5th Cir.9/26/00), 769 So.2d 769. The issues on this appeal are identical.[3]
On appeal, Zen-Noh asserts that the trial judge erred in granting the exceptions of no cause of action.

NO CAUSE OF ACTION
As we stated in opinion rendered in the first appeal on September 26, 2000:
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition. The legal sufficiency of the petition is found when the Plaintiff is afforded a legal remedy, based solely on the facts alleged in the pleading. See: Taylor v. Shoney's, Inc., 98-810 (La.App. 5th Cir.1/26/99), 726 So.2d 519, 521. In deciding the exception, the well-pleaded allegations of fact are accepted as true. Id. Under La. C.C.P. art. 931 no evidence may be introduced to support or controvert the exception.[4] The issue at the trial of the exception is whether, on the face of the petition, Plaintiff is legally entitled to the relief sought. Id. However, the pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Id. When it can reasonably do so, the trial court should maintain a petition against a peremptory *525 exception so as to afford the litigant an opportunity to present his evidence. Id. The court of appeal reviews de novo the trial court's ruling on an exception of no cause of action. Id.; See: City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 640 So.2d 237, 253 (La. 1994).

THIRD PARTY DEMAND
La. C.C.P. art. 1111 provides that a defendant in a principal action may bring in, by third party petition, any person who is his warrantor, or who may be liable to him for all or part of the principal demand. However, if a third party demand does not allege facts showing that the third party defendant is either a warrantor of the third party plaintiff or is liable for all or part of the principal demand, the third party demand fails to state a cause of action. See: Boyer v. Trinity Universal Ins. Co. of Kansas, Inc., 576 So.2d 444, 446 (La.1991); Harge v. MCC Const. Co., 97-116 (La.App. 5th Cir.5/28/97), 695 So.2d 1065, 1067-1068.
In State of Louisiana v. Reliance Insurance Co., 487 So.2d 160, 162 (La.App. 4th Cir.), writ denied, 493 So.2d 635 (La.1986), the court stated:
The third party must be derivatively or secondarily liable on the principal demand, but the Defendant in the principal action may not bring in a third party merely on allegations that it is liable to the original Plaintiff directly....
A third party demand is a device for shifting or sharing liability and may not be used as a means of asserting a defense to avoid liability completely.
In our opinion involving the initial third-party Defendants in this case, we discussed Reliance as follows:
In Reliance, Defendant was an insurer who sought to bring in third party Defendants responsible for the roof damage to the structure. The court stated that if Reliance proved that the roof damage was caused by some act or omission by one of the third party Defendants, that proof would constitute a defense to the state's claim against Reliance, obviating the need for Reliance's claim for indemnity or contribution. But, if the state proved that hail caused the damage, there could be no claim against the third party Defendants because they did not cause the hail. The court concluded that in either event, Reliance failed to state a cause of action against the third party Defendants.
As we stated in the prior appeal granting the original third-party Defendants exceptions of no cause of action, Plaintiffs allege that they suffered personal injury and property damage from grain dust, other particulate material, excessive noise, fumes and odors of sour grain emanating from Zen-Noh's grain loading facilities. In an amended petition, Plaintiffs asserted that these emissions from Zen-Noh began in 1975. These allegations are adopted by Zen-Noh in the third-party petition, in extenso. The third-party petition, naming the three third-party Defendants in the instant case, asserts that, if Plaintiffs suffered damages from exposure to dust and other particulate matter, which is denied, the injuries were caused by the fault and/or negligence of the third-party Defendants. The petition asserts that the third-party Defendants are liable in solido, or alternatively jointly, for all of the Plaintiffs' alleged injuries and damages, if any. Zen-Noh prays for total dismissal, or, in the event Zen-Noh is found liable to Plaintiffs, for indemnification and/or contribution, and/or credit, and/or offset.

SOLIDARY LIABILITY
In the prior appeal of the peremptory exceptions we analyzed the law on solidary liability as follows:
Solidary liability, as set forth in La. C.C. art. 2324, was modified by Acts 1987, No. 373 § 1 and Acts 1988, No. 430 § 1. It was eliminated by Acts 1996, 1st Ex.Sess., No. 3 § 1, effective April 16, 1996. Prior to the modification in 1987, *526 joint tortfeasors were solidarily liable for damages resulting from their concurrent negligence or wrongdoing. See: Touchard v. Williams, 617 So.2d 885, 889 (La.1993). The underlying principal of solidary liability was to insure that the injured Plaintiff received full recovery. The Touchard court noted that solidary obligations exist when the obligors are all obliged to the same thing, although they are obligated differently, by different acts or at different times. Id. Under pre-1987 law, one solidary obligor could be obligated for the whole. Id. at 890. However, La.C.C. art. 2324 reserved to all parties their respective rights of indemnity and contribution. Because of solidary liability, the concurring tortfeasors could properly be brought into a lawsuit by the third-party action because the third-party Defendants would be indebted directly to the third-party Plaintiff (the Defendant in the Plaintiff's suit) in the event that the third-party Plaintiff was cast in judgment for more than his proportion of fault.
After 1987, the legislature modified C.C. art. 2324 restricting the application of solidary liability. Under the amendment, for non-intentional tort cases, liability for damages caused by more than one tortfeasor was limited to the extent necessary for the injured person to recover 50% of his recoverable damages. This was intended to relieve the solvent obligor from owing 100% when it might only be minimally at fault and could not recover reimbursement through contribution or indemnity from the other tortfeasor(s) who might be insolvent, undeterminable, or hidden. Id. The amendment insured that the injured Plaintiff would receive at least 50% of his damages. However, the judgment debtor was not liable for more that the degree of his fault to a judgment creditor to whom a greater degree of fault was attributed. The rights of contribution and indemnity were retained in the amendment.
In 1996, C.C. art. 2324 was amended to eliminate solidary liability, except for intentional or willful acts. Non-intentional tortuous acts are considered joint and divisible and each joint tortfeasor is liable only for the degree of fault attributed to his actions. Thus, joint tortfeasors do not owe contribution or indemnity to the other tortfeasors since each is only liable for his proportionate share.[5]
The question of the retroactivity of the 1987 and 1996 amendments to C.C. art. 2324 was addressed by the Louisiana Supreme Court. In Egros v. Pempton, 606 So.2d 780, 787 (La.1992) (fn.10), the Court noted that the 1987 change was a substantive change in the law, and thus, should be given prospective application. See also: La.C.C. art. 6. In Aucoin v. State Through Dept. of Transp. and Development, 97-C-1938, 97-C-1967 (La.4/24/98), 712 So.2d 62, 67, the Court held that the 1996 amendment was also a substantive change in the law requiring prospective application.

ANALYSIS
The original Plaintiffs assert that their damages have resulted specifically from grain operations. In its amended third-party petition naming IMC, Chevron, and CF as third-party Defendants, Zen-Noh alleged that IMC, Chevron, and CF, discharged "dust" and other particulate matter. The petition does not specify that the discharges arose from grains or grain by-products. As we found in the prior appeal relative to the original third-party Defendants, the facts alleged do not show that the third-party Defendants are the warrantors of Zen-Noh, or that they may be liable to it for all or part of the principal demand, as the principal demand alleges damages only from grain operations. Thus, the trial judge properly granted the exceptions of no cause of action. However, *527 since it is not apparent from the third party petition that the grounds for the objection that the petition fails to state a cause of action cannot be removed, under La. C.C.P. art. 934, Zen-Noh must be given the opportunity to attempt to amend its petition to allege a cause of action due to any grain related discharges by those companies. If it cannot do so after a time set for the possible amendment by the trial judge, then the petition as to those parties should be dismissed.
Finally, even if Zen-Noh cannot amend its petition to state a cause of action against IMC, Chevron, and CF, it can assert the defense at trial that any or all of those companies are responsible in whole or in part for the damages proven by Plaintiffs.
Accordingly, the judgments of the trial court granting the peremptory exceptions of no cause of action filed by third-party Defendants, IMC, Chevron and CF are affirmed. However, Zen-Noh may amend its petition to state a cause of action, if it can do so, against the dismissed Defendants within a time period set by the trial judge.
The case is remanded for proceedings consistent with this opinion.
Costs of this appeal are to be borne by each party.
AFFIRMED AND REMANDED.
NOTES
[1] Most of the facts are from our previous opinion in the same case, involving the same issues, same third-party Plaintiff and other third-party Defendants. See: Hall v. Zen-Noh, 00-151 (La.App. 5th Cir.9/26/00), 769 So.2d 769.
[2] Zen-Noh filed a motion to consider the judgments granting all of the exceptions as one appeal. The motion was denied and Zen-Noh perfected a separate appeal of the second judgement granting the exception of no cause of action of IMC and Chevron.
[3] Under La.C.C.P. art.1915, the judgment would not ordinarily be appealable. However, the trial judge certified it as appealable, finding no justifiable reason for delay. We agree.
[4] Our jurisprudence recognizes an exception to this rule that allows the trial court to consider evidence admitted without objection to enlarge the pleadings.
[5] However, there may be a right of contribution or indemnity under contract or some other provision of law.