1 ¡.EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Zen-Noh Grain Corporation, defendant-appellant, from summary judgment dismissing three third-party defendants, Cargill, Inc., Weber Marine, Inc., and Stevedoring Services of America, Inc. (SSA), from this suit. For the following reasons we affirm these judgments.
The basic facts of this litigation are these. Plaintiffs commenced this class action against Zen-Noh on June 8, 1999, alleging that the dust emissions from defendant’s grain operation were causing them damages. On August 31, 1999, Zen-Noh third partied a number of other agricultural and chemical operations in the area, asserting that emissions from these plants were at least partially responsible for plaintiffs’ problems.
*318 This case, as it relates to the above three third-party defendants, was previously before this court on exceptions of no cause of action successfully urged by them in the district court, Hall v. Zenr-Noh Grain Corp., 00-151 (La.App. 5th Cir.9/26/00), 769 So.2d 769. This court reversed those rulings, however, holding that because these entities were engaged in grain operations which allegedly created grain dust in the area they might well be liable for at least a part of plaintiffs’ damages.
| -¡After substantial discovery was conducted, these three third-party defendants moved for summary judgment. Weber and Cargill’s motions were heard on April 8, 2002. On the following day, April 9, the trial judge granted Zen-Noh an additional 30 days to supplement its opposition to the motions. Then, on May 6, 2002, a judgment was signed granting the motions, but this judgment was not entered into the record until May 9. Zen-Noh filed a timely motion for a new trial on this judgment.
Meanwhile, SSA also urged a motion for summary judgment. This motion and Zen-Noh’s previous motion for a new trial were both heard on July 8, 2002. On August 2, 2002, a judgment was entered denying Zen-Noh’s motion for a new trial on the May 6, 2002 judgment, and granting SSA’s motion for summary judgment. This appeal followed.
The law concerning appeals of summary judgments is as follows. These appeals are reviewed de novo in the appellate courts, Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Article 966 of the Louisiana Code of Civil Procedure provides that summary judgment shall be granted when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. It further provides that when the moving party will not bear the burden of proof at trial, the movant need not negate all essential elements of the adverse party’s claim, but rather point out that there is an absence of factual support for one or more elements of that claim. Thereafter, the adverse party must produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden at trial.
In the present case, Zen-Noh alleged that emissions from the three third party defendants contributed to plaintiffs’ damages. In their motions for summary judgment the three third-party defendants submitted portions of |4depositions from 18 of the lead plaintiffs. Not one of these plaintiffs mentioned any of the third-party defendants as even possibly being responsible for their problems. Zen-Noh introduced an expert report on wind patterns in the area. The conclusion of this expert was that it was possible that emissions from other grain handling facilities could be borne by winds and affect plaintiffs negatively, but any ultimate finding would depend on whether and when these other facilities released particulate materials. There was no evidence to establish if the third-party defendants had released any such particles or when this might have occurred. On the above showing, we agree with the trial judge that there are no material facts in dispute and that summary judgment was proper.
Zen-Noh argues here that its expert’s report at least raised inferences that other facilities were responsible in part for plaintiffs’ damages. We disagree. All the report says is that winds in the area blow in all directions and therefore that particles released in the vicinity could be carried over plaintiffs’ properties. It makes no findings or conclusions that the third-party defendants released such particles, nor does it address any time component. This thus does not constitute evidence sufficient *319 for Zen-Noh to carry its burden at trial that these other parties are liable in part for plaintiffs’ damages.
Zen-Noh also argues that the judgment was premature in that its discovery had been impeded by actions taken, not by third-party defendants, but by plaintiffs’ counsel. The record shows otherwise. The claims against the third-party defendants had been urged in pleadings in August of 1999, over three years ago. During all of that time Zen-Noh did not produce in support of its allegations any evidence or expert’s report in support of its claims. At the hearing on Weber Marine and Cargill’s motions on April 8, | r2002, Zen-Noh was given an additional 30 days to supplement it responses to these motions. No further evidence was submitted by May 8. We note in this regard that although the judgment was signed on May 6, it was not entered into the record until May 9, and because no supplemental materials were submitted by then, Zen-Noh was not prejudiced by the trial judge’s actions.
We further note that Zen-Noh filed a motion for a new trial as to the May 6, 2002 judgment, and a hearing on that motion was held on July 8, 2002, in conjunction with the motion for summary judgment urged by SSA, the remaining third-party defendant. By then the only additional piece of evidence presented by Zen-Noh was its expert’s report, which both we and the trial judge consider inadequate to present an issue as to a material fact. Given the amount of time that transpired between the filing of the third party demand and the summary judgment motions, we find no prejudice to Zen-Noh in the entry of the judgments against it for failure to present adequate evidence to substantiate its claims against these third-party defendants.
For the foregoing reasons, the summary judgments dismissing third-Party defendants Weber Marine, Inc., Cargill, Inc., and Stevedoring Services of America, Inc. are hereby affirmed.

AFFIRMED.